USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC TOLLIVER,

                    Plaintiff,

                                        12 Civ. 971 (DAB)
          v.                            MEMORANDUM AND ORDER

C.O. J. SKINNER, et al.,

                    Defendants.
----------------------------------------X
     DEBORAH A. BATTS, United States District Judge.


     Pro se Plaintiff Eric Tolliver ("Plaintiff") brings this

action pursuant to 42 U.S.C. § 1983. On February 11, 2013,

United States Magistrate Judge Kevin Nathaniel Fox issued a

Report and Recommendation ("Report") recommending that

Defendants' Motion to Dismiss Plaintiff's Complaint be granted

in part and denied in part, and that Plaintiff's Motion for

Summary Judgment be denied. (Report at 43.) For the reasons set

forth below, the Court ADOPTS Judge Fox's Report in its

entirety.


I. Objections to the Report and Recommendation

     "Within fourteen days after being served with a copy [of a

magistrate judge's Report and Recommendation], a party may serve

and file specific written objections to the proposed findings

and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C.

1

§ 636(b)(1)(C). The Court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

II. Plaintiff's Objections

The objections of <u>pro se</u> parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, No. 09 Civ. 1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted). "Nonetheless, even a <u>pro se</u> party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Id.</u> (internal quotation marks omitted).

The Court reviews <u>de novo</u> the portions of the Report to which Plaintiff objects. Plaintiff first objects that Judge Fox wrongly recommended dismissal of his claim against Albert Prack, the Director of the Segregated Housing Unit at New York's Sullivan Correctional Facility. The Report's recommendation rests on its finding that Plaintiff failed to allege Prack's personal involvement in the alleged constitutional violations. (Report at 40.) Plaintiff, citing to <u>Colon v. Coughlin</u>, 58 F.3d 865 (2d Cir. 1995), argues he has pleaded sufficiently Prack's personal involvement by alleging that Prack received and responded to two of Plaintiff's letters detailing the alleged violations, but still "chose to do nothing about the wrong."

3

(Pl. Obj. at 1.) Prack's first responsive letter, dated November 3, 2011, advised Plaintiff that his appeal of an October 5, 2011 Superintendent's Hearing was received on October 24, 2011, and that a "review will be conducted in accordance with established procedures and you will be advised directly of the results." (Pl. Opp. Ex. I at 6.)[1] Prack's second responsive letter, dated December 21, 2011, stated,

> As you are aware, the hearing was reviewed and affirmed on December 8, 2011. It appears that you disagree with that decision. You may request a reconsideration of that decision by submitting your request and reasons for the reconsideration to this office. There are no time limitations on replies to reconsideration requests.

(Pl. Opp. Ex. I at 5.)

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Colon, 58 F.3d at 873 (internal quotation marks omitted).

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of

---

[1] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). For the reasons discussed by Judge Fox, Plaintiff's Exhibit I is incorporated by reference in the Complaint. (See Report at 20.)

4

the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Id.[2] Merely responding to a plaintiff's complaint is insufficient to demonstrate a defendant's personal involvement. See, e.g., Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (holding that Defendant's response, which informed Plaintiff that a decision had been rendered regarding his appeal, did not demonstrate the requisite personal involvement); Barnes v. Ross, No. 12 Civ. 1916 (PKC), 2013 WL 646551, at *7 (S.D.N.Y. Feb. 21, 2013) (holding that allegations that Defendant responded to letters written on Plaintiff's behalf failed to allege plausibly Defendant's personal involvement); Mateo v. Fischer, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (noting that "a response to the effect that [Plaintiff] had provided insufficient information to support his allegations" is not sufficient to

---

[2] Courts in the Second Circuit disagree as to whether the Colon test survives after Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Rush v. Fischer, No. 09 Civ. 9918 (JGK), 2013 WL 542641, at *4-5 (S.D.N.Y. Feb. 14, 2013). Regardless, "there is no controversy that allegations that do not satisfy any of the Colon prongs are insufficient to state a claim against a defendant-supervisor." Id. at *5 (internal quotation marks omitted).

show Defendant's personal involvement, nor is any pro forma
response). Here, Prack's responses to Plaintiff's letters were
merely pro forma, and fail to demonstrate that he had the
requisite personal involvement. Accordingly, Plaintiff's claims
against Prack are DISMISSED.

Plaintiff also objects that Judge Fox wrongly interpreted
his Opposition brief as a motion for summary judgment. (Pl. Obj.
at 2.) Plaintiff argues that he "was never submitting a summary
judgment motion, he was just submitting a reply to the
defendant's motion to dismiss . . . ." (Pl. Obj. at 2.) However,
the cover page of Plaintiff's submission is labeled "Notice of
Motion," and states that Plaintiff moves "for an order pursuant
to Rule 42 U.S.C. § 1983 of the Federal Rules of Civil Procedure
granting Plaintiff's Complaint, and opposing motion, to the
Defendant's Motion to Dismiss." (Pl. Opp. at i) (emphasis
added). The Court, on de novo review, finds that Judge Fox
appropriately construed Plaintiff's pro se submission as both a
motion for summary judgment and an opposition brief. Plaintiff's
Motion for Summary Judgment, upon the Court's review of the
Report's relevant findings for clear error, is DENIED WITHOUT
PREJUDICE.

6

III. Defendants' Objections

On February 21, 2013, the Court granted Defendants' request for a two-week extension of the deadline for submission of Objections, making the new deadline March 11, 2013. (Order, ECF No. 31.) The Court's Order stated, "No further extensions." (Id.) Even so, Defendants submitted their Objections one day late, on March 12, 2013. "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)). Here, all Parties received clear notice that failure to file objections in a timely fashion would result in a waiver of objections and preclude appellate review. (See Report at 43-44.) Although the rule requiring timely filing of objections "is a nonjurisdictional waiver provision whose violation we may excuse in the interests of justice . . . , we perceive no basis in this record for such a departure." Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)); see, e.g., Carling v. Peters, 760 F. Supp.

7

2d 400, 402-03 (S.D.N.Y. 2011); Chubb & Son Inc. v. Kelleher,
No. 92 Civ. 4484 (CBA), No. 95 Civ. 951 (CBA), 2006 WL 2711543,
at *1 (E.D.N.Y. Sept. 21, 2006). Accordingly, the Court will not
consider Defendants' untimely objections.


IV. Portions of the Report to Which Neither Party Has Timely
    Objected

     The Court may apply a clear error standard of review to
those portions of the Report to which neither Party has timely
objected. DiPilato, 662 F. Supp. 2d at 339. Having found no
clear error, the Court adopts those parts of the Report to which
no timely Objections have been made.


V. Conclusion

     Having conducted the appropriate levels of review of the
Report and Recommendation of United States Magistrate Judge
Kevin Nathaniel Fox dated February 11, 2013, the Court APPROVES,
ADOPTS, and RATIFIES the Report in its entirety. Accordingly,
Plaintiff's Motion for Summary Judgment is DENIED WITHOUT
PREJUDICE, and Defendants' Motion to Dismiss is GRANTED in part
and DENIED in part. The Court DISMISSES Plaintiff's official
capacity claims for damages, his claim based on the issuance of
an allegedly false misbehavior report, his retaliation claims

against Defendants C.O. J. Skinner and D.S.A. Lynn Lilley, and
all claims against Commissioner Brian Fischer and Director of
S.H.U. Albert Prack.

SO ORDERED.

DATED:   March 18, 2013
         New York, New York

                                   Deborah A. Batts
                              United States District Judge