UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------

ERIC TOLLIVER,

Plaintiff,

v.

C.O. J. Skinner, et al,.

Defendants
---------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __12 | 18 | 13 A/__

**NOTICE OF MOTION FOR LEAVE TO AMEND COMPLAINT AND EXTENSION OF TIME TO COMPLETE SERVICE UPON REMAINING DEFENDANTS OF AMENDED SUMMONS AND COMPLAINT**

**12 Civ. 971 (DAB) (KNF)**

 

    **PLEASE TAKE NOTICE** that upon the annexed affirmation of **ERIC TOLLIVER**, affirmed on December _16_ 2013, and upon the exhibits attached thereto, the Proposed Amended Complaint and Letters in support of this motion, the pleadings herein, plaintiff will move this Court, before the **Honorable Deborah A. Batts, J.**, United States District Judge, for an Order pursuant to Rules 15(a) and 6(b) 1(a) of the Federal Rules of Civil Procedures granting; Leave to Amend the Complaint and filing the Amended Complaint submitted:

1. Deeming, the copy of the Proposed Amended Complaint served upon the represented defendants Attorney General, be deemed sufficient service upon defendants of the Amended Complaint.

2. Extending the time to make and complete service of the Amended Complaint upon the named defendants.

    I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 2013
      Fallsburg, New York

                                   E. _____

                                  **ERIC TOLLIVER**
                                  Pro-se Plaintiff
                                  Sullivan Correctional Facility
                                  P.O. Box – 116
                                  Fallsburg, New York 12733-0116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ERIC TOLLIVER,

                 Plaintiff,

            v.

C.O. J. Skinner, et al,

                 Defendants
-------------------------------------------------------

**AFFIRMATION IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND EXTENSION OF TIME TO COMPLETE SERVICE UPON REMAINING DEFENDANTS OF AMENDED SUMMONS AND COMPLAINT**

**12 Civ. 971 (DAB) (KNF)**

I, **ERIC TOLLIVER**, affirm under penalty of perjury that:

1. I, **ERIC TOLLIVER**, am the pro-se plaintiff in the above entitled action, and respectfully move this Court to issue an Order granting plaintiff Motion to amend complaint.

2. The reason why I am entitled to the relief I seek is the following. The three (3) defendants plaintiff wants to make apart of the complaint, violated plaintiff's Due Process and Constitutional Rights, have to do with the unlawful confinement of plaintiff. Attached is the amended complaint as Exhibit – A. **These violations was done under the continuing violation doctrine.**

    **WHEREFORE,** I respectfully request that the Court grants this motion, as well as such other and further relief as may be just and proper.

    I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 2013
      Fallsburg, New York

                                   _ECT_____

                           **ERIC TOLLIVER**
                           Pro-se Plaintiff
                           Sullivan Correctional Facility
                           P.O. Box – 116
                           Fallsburg, New York 12733-0116

## UNITED STATES DISTRICT COURT
## SOURTHERN DISTRICT OF NEW YORK

ERIC    TOLLIVER
_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

v.

Defendant No. 1 _____

_____

Defendant No. 2 _____

_____

Defendant No. 3 Lt.  T.  LEVAC
_____

Defendant No. 4 D.S.S.  R.  COVENY
_____

Defendant No. 5 Director ALBERT PRACK
_____

(In the space above enter the full nams(s) of the defendant(s). If you
cannot fit the names of all the defendants in the space provided.
please write. "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names listed
in the above caption must be identified to those contained in Part 1.
No addresses should be included here.)

" FIRST        "
AMENDED
COMPLAINT

**12 Civ. 971 (BAB)(KNF)**

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. §1983

Jury Trial: ☐ Yes ☒ No
(check one)

---

## I.    Parties in this complaint:

A    List your name. identification number, and the names and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of
paper as necessary.

**Plaintiff**    Name  Eric  Tolliver
ID #   94-B-1563
Current Institution  Sullivan Correctional Facility
Address _____ P.O.Box 116
_____ Fallsburg, New York 12733

B    List all defendant's names, positions, place of employment, and the address where each
defendant may be served. Make sure the defendant(s) listed below are identical to those
contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield # _____

Where Currently Employed _____

Address _____

_____

Defendant No. 2   Name _____ Shield # _____

Where Currently Employed _____

Address _____

_____

Defendant No. 3   Name __Lt.   T. Levac, hearing officer__ Shield # _____

Where Currently Employed __Five Points Corr. Fac.__

Address __P.O.Box 119__

_____Romulus, New York 14541_____

Defendant No. 4   Name __D.S.S. R. Coveny, review off.__ Shield # _____

Where Currently Employed __Five Points Corr. Fac.__

Address __P.O.Box 119__

_____Romulus, New York 14541_____

Defendant No. 5   Name __Albert Prack, Director_____ Shield # _____

Where Currently Employed __D.O.C.C.S.__

Address __1220 Washington Ave. Building-2__

_____Albany, New York 12226-2050__

## II. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the event rise to your claim(s) occur? __Sullivan Corr. Fac.__

_____

B.   Where in the institution did the events giving rise to your claim(s) occur? __Visiting Room__

_____

_____

C.   What date and approximate time did the events giving rise to your claim(s) occur? _____

__September 11, 2011   2:00 P.M.__

_____

3

D. Facts: On 5/16/2013, I was called before L.t. T. Levac, for a Re-hearing. It was during this Re-hearing that this said

| | |
|---|---|
| What Happened to you? | officer violates plaintiff's due process and constitutional rights. See, plaintiff's complaint-grievance and appeal against |
| Who did What? | this said officer attached hereto as Exhibit-A. D.S.S. R. Coveny, was order to conduct a discretionary review of the said Re-hearing of Lt. Levac, and all the violations that was done, D.S.S. R. Coveny chose to turn a blind eye to all the violation plaintiff alleged and denied plaintiff's discretionary request. |
| Was Anyone Else Involved? | See, plaintiff discretionary review request and D.S.S. R. Coveny decision attached hereto as Exhibit-B. On 7/17/13, plaintiff appeal the violations that was done to him at the Re-hearing to Director Albert Prack, in Albany, and this Director chose to turn a blind eye and denies plaintiff's appeal. See, plaintiff's appeal and Director Albert Prack decision attached hereto as Exhibit-C. **All Exhibits attached** |
| Who else Saw what Happened? | **herein as plaintiff's complaint against all defendants.** All the witnesses that was called at the first Superintendent hearing. |

## III.     Injuries:

If you sustained related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

## IV.     Exhaustion of Administrative Remedies:

The Prisoners Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires that"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available exhausted". Administrative remedies are also known as grievance procedures.

A.     Did you claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✔     No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Sullivan Correctional Facility

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes ✔     No ____     Do Not Know ____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes ____     No ✔     Do Not Know ____

If YES, which claim(s)? _____

D.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

      Yes ____     No ✔

If YES, which claim(s)? _____

E.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?
      Yes ✔     No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes ____     No ____

F.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? Five Points Correctional Facility

    1.   Which claim(s) in this complaint did you grieve? The issue with defendant Lt. Levac

    2.   What was the results, if any? Grievance denied

    3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. Appeal to the Superintendent, then appeal his denial to Albany

_____

_____

_____

G. If you did not file a grievance, did you inform any officials of your claim(s)?

Yes _____   No _____

1. If YES, whom did you inform and when did you inform them? ___ I did
___ file a grievance

2. If NO, why not? ___ yes I did file a grievance

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _I did appeal all of my claimed violations_ _to Albany, and then on an Article 78 to the Albany_ _Supreme Court_

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you. ___ ORDER THESE CHARGES BE DISMISS AND REMOVED FROM MY INSTITUTIONAL RECORDS, AND THAT I be paid one hundred and fifty dollars for each day I spend in the SHU, and also one million dolllrs from each defendants in this case for all the pain and suffering each one inflicted upon me.

## VI.   Previous Lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

| On These claims |

Yes ___   No √

6

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____   No _____

    If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

    Yes _____   No __✓__

On
Other
claims

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____   No _____

    If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _16_ day of _December_, 20_13_.

Signature of Plaintiff   _Eric Tolliver_

Inmate Number   _94-B-1563_

Institution Address   Sullivan Corr. Fac.

P.O.Box 116
FAlseburg, New York 12733

<u>Note:</u>   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
their inmate numbers and address.

I declare under penalty of perjury that on this _16_ day of _December_, 20_13_, I am delivering this
complaint to prison authorities to be mailed to the *Pro Se* Office of the Untied States District Court for
the _Southern_ District of New York.

Signature of Plaintiff:

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

~~Eric Tolliver~~

*(In the space above enter the full name(s) of the plaintiff(s).)*

__12__ Civ.__971__   (DAB) (KNF)

**REQUEST TO PROCEED
IN FORMA PAUPERIS**

-against-

C.O. J. Skinner, et al.,

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, __Eric Tolliver_____, *(print or type your name)* am the plaintiff/petitioner in the above entitled case and I hereby request in forma pauperis and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore, and I believe I am entitled to redress.

1.  If you are presently employed:

    a) give the name and address of your employer
    b) state the amount of your earnings per month

    _Sullivan Corr. Fac. Law Library,_____

    _16-Dollars per month_____

2.  If you are NOT PRESENTLY EMPLOYED:

    a) state the date of start and termination of your last employment
    b) state your earnings per month

    **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

    _I am employed and I earn 16-dollars per month._____

3.  Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

    _____no_____

    a) Are you receiving any public benefits?    ☑ No.   ☐ Yes, $_____.

    b) Do you receive any income from any other source?    ☑ No.   ☐ Yes, $_____.

4.  Do you have any money, including any money in a checking or savings account? If so, how much?

☑ No.        ☐ Yes, $_____.

5.  Do you own any apartments, house, or building, stock, bonds, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☑ No.        ☐ Yes, $_____.

6.  Do you pay rent or for a mortgage? If so, how much each month?

☑ No.        ☐ Yes, $_____.

7.  List the person(s) that you pay money to support and the amount you pay each month.

_____NONE_____

_____

8.  State any special financial circumstances which the Court should consider.

_____NONE_____

_____

_____

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __16__ day of __December__, __2013__.
         date              month           year

E. L̶i̶_____

                                          *Signature*

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# PRISONER AUTHORIZATION

**Mailed to Plaintiff by the Court on this date:** _____

**RE:** ___Eric Tolliver_____ -v- ___C.O. J. Skinner, et al.,___
　　　(*Enter the full name of the plaintiff(s).*)　　　(*Enter the full name of the defendant(s).*)

**NOTICE IS HEREBY GIVEN THAT THIS ACTION WILL BE DISMISSED UNLESS PLAINTIFF COMPLETES AND RETURNS THIS AUTHORIZATION FORM TO THIS COURT WITHIN FORTY-FIVE (45) DAYS FROM THE DATE OF THIS NOTICE.**

The Prison Litigation Reform Act ("PLRA" or "ACT") amends the in *forma pauperis* statute (28 U.S.C. §1915) and applies to your case. Under the PLRA, you are required to pay the full filing fee when bringing a civil action if you are currently incarcerated or detained in any facility. If you do not have sufficient funds in your prison account at the time your action is filed, the Court must assess and collect payments until the entire filing fee of $350 has been paid, no matter what the outcome of the action.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**SIGN AND DATE THE FOLLOWING AUTHORIZATION:**

I, __Eric Tolliver_____(*print or type your name*), request and authorize the agency holding me in custody to send to the Clerk of the United States District Court for the ___Southern_____ District of New York, a certified copy of my prison account statement for the past six months. I further request and authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. §1915 (b), to deduct those amounts from my prison trust fund account (or institutional equivalent), and to disburse those amounts to the United States District Court for the **Southern**____ District of New York. This authorization shall apply to any agency into whose custody I may be transferred.

**I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED.**

December __16__, 20_13_　　　　　　　　　　_E. Tᵢ_____
*Date Signed*　　　　　　　　　　　　　　　　*Signature of Plaintiff*

N.Y.S.I.D. # _____

Local Jail/Facility I.D. # __94-B-1563____

Federal Bureau of Prisons I.D. # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

**ERIC TOLLIVER,**

Plaintiff,

**AFFIRMATION OF SERVICE**

v.

**C.O. J. Skinner, et al,**

Defendants

**12 Civ. 971 (DAB) (KNF)**

-------------------------------------------------------


I, **ERIC TOLLIVER**, declare under penalty of perjury that I have served a copy of the

attached: **Notice of Motion for Leave to Amend Complaint and Extension of Time to Serve**

**Remaining Defendants**, and **Affirmation In Support of Notice of Motion**, and **Affirmation of**

**Service Upon**:

**OFFICE OF THE ATTORNEY GENERAL**
120 Broadway
New York, N.Y. 10271-0332

Dated:  December 2013
       Fallsburg, New York

                                            **ERIC TOLLIVER**
                                            Pro-se Plaintiff
                                            Sullivan Correctional Facility
                                            P.O. Box – 116
                                            Fallsburg, New York 12733-0116

# EXHIBIT- A

### NEW YORK STATE - DEPARTMENT OF CORRECTIONS
### AND COMMUNITY SUPERVISION
### FIVE POINTS CORRECTIONAL FACILITY

# MEMORANDUM

**TO:**       Lt. T. Levac, Acting Captain

**FROM:**   Michael Sheahan, Superintendent

**SUBJ.:**    Designation to Conduct a Tier III Hearing

**DATE:**     May 15, 2013

================================================================

Pursuant to Title 7, Chapter 254.1, the Superintendent may, if sufficient reason exists, designate personnel to conduct a Tier III hearing on his behalf.

I am designating **LT. Tad Levac,** to conduct the Tier III Hearing for Misbehavior Report for Offender Toliver, Eric 94B1563; Inc. Date & Time: 09/11/11 2:00pm..

_M. Sheahan_

**MICHAEL SHEAHAN, SUPERINTENDENT**

Cc:  Discipline Office
     Hearing Packet

Eric  Tolliver, 94-B-1563
Five Points Corr. Fac.
State Route 96,P.O.Box 119
Romulus, New York 14541

Dated May 24, 2013


TO: The Inspector General's Office

Dear Sir/Madam.

Very good day to you. I am writing this letter to you in regards to an incident between my self and LT. Levac, Inclose is a copy of the grievance and complaint that I have filed to the inmants grievance program. I want this office to know that I do take these threats from LT. Levac very seriously. Therefore, I do need this matter to be urgently investigated, this officer is known to set inmates up with weapons and drugs. This matter is very serious, and I am taking it seriuos, therefore, I awaits your reply to this matter, have yourself a bless day.

very truly yours

Eric  Tolliver, 94-B-1563
11-A1-18-B


cc. file
    attorney
    superintendent
    home

GRIEVANCE    COMPLAINT

FIVE POINTS CORR. FAC.
LOC. 11-A1-18-B

*FPT- 27560 -13*

*28 - Wants HO to recuse self*

ERIC TOLLIVER, 94-B-1563
DATE MAY 24, 2013

COMPLAINT: At the above date and approximetly 2:45 P.M. I was called to the hearing room on the flats in 11-block to continue a re-hearing for a tier- 3 hearing that was reverse by the supreme court because of errors at the first hearing. As I got to the hearing and stand before LT. Levac, who was appointed by the superintendent to hold my re-hearing, we start to talk about the witness that I do need to called to testify on my behalf, this LT. got very upset and start to swear and threatened me and stated that he is trying to find a way to not only find me guilty, but also how is it that he could give me at lest a year in the SHU. I then ask this LT. Levac, what is the reason for him to be this upset at me ? And his answer was " You and I know very well that I don't like you, and you know this from the time that you was voted the ILC chairman, and I was the supervisor for the ILC, I did already talk to you about bringing my name to the superintendent at the ILC executive meetings, and you not only did it once but twice, so now that I have you in front of me for a new hearing what do you rely think is going to be the out come ?" This LT. Levac, then ordered me out of the room, and I complied and went back to my cell and tell my cell mate what have just took place between myself and the LT. Therefore, because of this fact, it is impossible for me to get a fear hearing. Therefore, I am also requesting the video recorder of the hearing room between 2:30 P.M. and 3 P.M. on the above date be saved for my review. I also want to state that this officer have been threatening me since I was the ILC chairman and he was the staff advisor.

ACTION REQUESTING:   That this hearing officer Mr. Levac, recuse himself as my hearing officer and a new hearing officer be appointed.

RECEIVED

JUN 0 7 2013

IGRC

yours   truly

Eric Tolliver, 94-B-1563
11-A1-18-B

X *Eric Tolliver*
*E. T.*
NO   SIGNATURE

cc. file
    attorney
    albany
    superintendent
    home

FORM 2131E (REVERSE) (REV. 6/06)

## Response of IGRC: FPT-27560-13                                   6/12/13

Grievant received a Tier III ticket on 09/11/11 at Sullivan C.F. related to the instant grievance. A re-hearing for that MBR occurred on 05/24/13 and dates subsequent dates as needed. Grievant is attempting to affect the outcome of his hearing by requesting a different hearing officer. In addition to the actual hearing whereby the grievant has the opportunity to call witnesses, present any mitigating circumstances and provide relevent evidence in his own defense, he is also provided with the opportunity to appeal the disposition in accordance with 7NYCRR, Chapter V. This appeal mechanism affords the opportunity to remedy any factual or procedural errors in his disciplinary report or process. Grievant has not exhausted his disciplinary hearing and appeal options for that misbehavior report. The named staff member denies the grievant's allegations of harassment or threats towards the grievant. The grievance process is not intended as a way to circumvent or mitigate the disciplinary hearing and appeal process.

**Grievance Denied**

Date Returned to Inmate ___6/17/13___          IGRC Members _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes.*

[✓] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal

Signed _Chic Tolliver_          _6-18-2013_
                Grievant                              Date

_____          _____
        Grievance Clerk's Receipt                  Date

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent _____
                                                          Date

Grievance forwarded to the Superintendent for action _____
                                                                      Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF | GRIEVANCE NO. FPT 27560-13 | DATE FILED 06/07/13 |
|---|---|---|
| CORRECTIONAL SERVICES and COMMUNITY SUPERVISION | FACILITY Five Points Correctional Facility | POLICY DESIGNATION I |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT RESPONSE | TITLE OF GRIEVANCE WANTS H.O. TO RECUSE SELF | CLASS CODE 28 |
| | SUPERINTENDENT'S SIGNATURE | DATE 6/25/2013 |

| GRIEVANT: TOLLIVER, Eric | DIN # 94B1563 | HOUSING UNIT 11-A1-18B |
|---|---|---|

The investigation reveals that grievant alleges the Hearing Officer harassed and threatened him during a re-hearing for an incident at Sullivan CF. The Hearing Officer supplied a written statement and stated that he denies threatening or swearing at the grievant. The Hearing Officer states that this was a re-hearing and the time that was previously issued to the grievant cannot be exceeded and that the hearing had already been extended several times to retrieve the 14 witnesses that the grievant requested.

Appeal denied.

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

I dEsAgRee with This dEcision dUE To The FacT That I hAvE yET To REceivE A wRiTTEn disPosiTion OF This (so-cAllEd SuPEhinTENdENTs hEAhin(g) in violAtion OF 7NycRR 254.7(A) sEc.5 (24 Hours violAtion)

Ehic TollivEn                                    6/26/2013
Grievant's Signature                             Date

_____                          _____
Grievance Clerk's Signature                      Date

FORM 2133A (Rev 2/89)



**BRIAN FISCHER**
COMMISSIONER

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

## MEMORANDUM

FROM:      Karen Bellamy, Director, Inmate Grievance Program

SUBJ:      Receipt of Appeal


E TOLLIVER  94B1563   10/17/13
Five Points Correctional Facility
Your grievance FPT-27560-13 entitled
Wants Hearing Officer To Recuse Self
was rec'd by CORC on 7/8/13


A disposition will be sent to you after the grievance is reviewed by CORC

# GRIEVANCE COMPLAINT

Eric Tolliver
94B1563

28 Error Pon
TIER III APPEAL
ISSUE

11-A1-18-B CELL

DATE 7-26-2013

COMPLAINT: ON 7-16-2013, I RECIEVE MY INMATE MONTHLY STATEMENT AND NOTICE THAT FIVE DOLLARS ($5) WAS TAKEN FROM MY INMATES ACCOUNT FOR A TIER-3 HEARING, THAT HELD OUT OF MY PRESENTS, IT STATES THAT I WAS FOUND GUILTY, I THEN DID A F.O.I.L. REQUEST TO HAVE THE TAPES AND DOCUMENTS OF THIS HEARING SENT TO ME FOR MY REVIEW, DUE TO THE FACT THAT THE HEARING OFFICER LT. LEVAC, DID NOT SEND ME ANY DECISION OF THIS HEARING OR ANY NOTICE OF MY RIGHTS TO APPEAL, NEITHER DID HE OR ANY OTHER OFFICER ADVISE ME OF THE RIGHTS I AM GIVING UP IF I REFUSED TO ATTEND THE HEARING IN PERSON. HOWEVER, ON 7-26-2013, A OFFICER FROM THE F.O.I.L. OFFICE BRINGS ME A TAPE PLAYER AND I TAPE OF THIS TIER-3 HEARING, I THEN LISTEN TO THIS TAPE OVER 3-TIMES AND NOTICE THAT THIS HEARING OFFICER INTENTIONALY DOCTERED-CUT OUT A PART OF THE HEARING THAT RECORD HIM SWEARING AND THREATENING ME, HE ALSO CUT OUT THE PART WHERE I CAUGHT THE OFFICER WHO WROTE THE FALSE TICKET AGAINST ME, IN HIS LIES, THESE AND MANY MORE MISDEEDS WAS DONE BY THIS OFFICER AT THIS HEARING.

ACTION REQUESTED: THAT THIS HEARING AGAINST ME BE DISMISSED, AND THESE FACTS I STATED BE INVESTIGATED, AND THIS OFFICER BE DISCIPLINED FOR HIS INTENTIONAL WRONG DOINGS AGAINST ME.

C.C. FILE
    SUPERINTENDENT
    ALBANY
    COUNSELOR

YOURS TRULY
ERIC TOLLIVER
94B1563
11-A1-18-B

# FIVE POINTS CORRECTIONAL FACILITY

To:         E. Tolliver  94B1563  11-A1-18B
From:       P. O'Neill, IGPS
Subject:    Grievance Dated 07/26/13
Date:       08/01/13

Directive 4040, 701.5 (a) (1) states in part that a grievance must be submitted within 21 days of an alleged occurrence. Section 701.6 (g) (1) (i) (a) states in part that an exception to the time limit for filing a grievance may not be granted more than 45 days after an alleged occurrence. The instant grievance refers to a misbehavior report (MBR) issued on 09/11/11, and a court-ordered rehearing for that MBR occurring on 06/11/13; it focuses on events alleged to have occurred during that hearing.  The time limit for filing that grievance has expired; as such, your grievance is being returned to you and will not be further processed at this time.

To reiterate, an exception to the time limit for filing this grievance cannot be granted by me at this time because it has well surpassed the maximum 45-day limit in which such an exception might be granted.

Per 701.6, (g) (1) (ii), an offender may pursue a complaint that an exception to the time limit was denied by filing a separate grievance.

cc: file

Grievance – Complaint        FPF 27774-13

Eric TOlliver

94-B-1563

44

DISAGREE WITH

DENIAL DECISION

11-AI-18-B

Dated 8/4/2013

**Complaint:** I am appealing the denial of my grievance, by Mr, O'neill,

grievance supervisor, dated 8/1/2013. Mr, O'neill, denied my grievance

claiming that my grievance is late. This decision by MR, O'neill is wrong.

As noted by my grievance, I did not know that my tier three hearing tape was

intentionally tampered with, and all of my objections was erase until I made

my f.o.I.l. request and have the chance to listen to the tape, then I notice

that the tape was tampered with, and thats the day I file my grievance on

this issue, therefore, my grievance is on time because I file my grievance

on the date that I discover the violation, a reading of my grievance do state

this fact outlined in this letter, attach herein is a copy of your denial and

a copy of my original grievance for you to file. Thanks very much for your

time into this very important matter, have your self a bless day and I await

your filing of my grievance. Thanks once more.

yours truly

RECEIVED

AUG 0 6 2013

IGRC

Eric Tolliver, 94-b-1563

11-A1-18-B

cc.file

FORM 2131E (REVERSE)  (REV. 6/06)

**Response of IGRC:**  FPT-27774-13                                                           8/13/13

     Grievant is contesting that a recent grievance received by the IGP on 08/01/13 was returned to him as untimely. He asserts that a rehearing for a misbehavior report issued in 2011 was conducted on 06/11/13, that it was done without his being present, and that the hearing tape was altered. He asserts that he only found out about this on 07/26/13. Unfortunately, Directive 4040 leaves no woiggle room in allowing an exception to the time frame for filing a grievance beyond 45 days from the date of the occurrence. In this case, the date of the occurrence was the hearing date, not the date of discovery. It is noted that if grievant has a rehearing for the above referenced MBR on 06/11/13, then he has not currently exhausted all of his appeal options for that MBR in accordance with 7NYCRR, Chapter V.

Grievance Denied

Date Returned to Inmate  **8 - 15 - 13**            IGRC Members  _____

Chairperson  _____

Return within 7 calendar days and check appropriate boxes.*

[✓] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal

Signed  *Ehic Tolliver*                                **8-16-2013**
              Grievant                                         Date

Grievance Clerk's Receipt                              Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent  _____
                                            Date

Grievance forwarded to the Superintendent for action  _____
                                               Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF | GRIEVANCE NO. FPT-27774-13 | | DATE FILED 08/06/13 |
|---|---|---|---|
| CORRECTIONAL SERVICES and COMMUNITY SUPERVISION | FACILITY Five Points Correctional Facility | | POLICY DESIGNATION I |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT RESPONSE | TITLE OF GRIEVANCE Disagree With Denial Decision | | CLASS CODE 44 |
| | SUPERINTENDENT'S SIGNATURE DSS R~~ Act Sgt | | DATE 08/20/13 |
| GRIEVANT: Tolliver, E | DIN # 94B1563 | | HOUSING UNIT I1-A1-18B |

Grievant is contesting that a grievance was rejected as untimely by the IGPS on 08/01/13. That grievance referred to a disciplinary hearing occurring on 06/11/13 in which he alleges tampering.

Directive 4040, 701.6 (g) (1) (i) (a) states in part that an exception to the time limit for filing a grievance may not be granted more than 45 days after an alleged occurrence. That time frame was exceeded and, as such, rejection of the grievance as untimely was appropriate. It is noted that grievant had not exhausted his disciplinary appeal options on 08/01/13.

Appeal denied.

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to C.O.R.C.

I disagree with this decision due to the fact that I file my grievance on the said date I listen to the hearing tape and notice that the hearing officer Lt. Nevac had tampered with the hearing tape.

Eric Tolliver

_____
Grievant's Signature

8-21-2013
_____
Date

_____
Grievance Clerk's Signature

_____
Date

FORM 2133A (Rev 2/89)

# EXHIBIT "B"

## CHAPTER V, SEC. 254.9
### RE: DISCRETIONARY REVIEW BY SUPERINTEND     DATED 7/16/2013

Dear Superintendent Sheahan,

                   very good day to you. I am writing you this discretionary review request asking you to dismiss these charges against me because my **DUE PROCESS AND CONSTITUTIONAL RIGHTS WAS SERIOUSLY VIOLATED** by the hearing officer:

1.  My Superintendent hearing that was held at Sullivan Correctional Facility, on 9/11/11, was reversed by the State Appellate Court on 4/16/13, see reversal - court decision attached herein as **Exhibit A.** A re-hearing was never started until 5/16/13; I plead not guilty to the charges and started to make my objections as to the timeliness of the re-hearing, for which the hearing officer then stopped the tape recorder and then started swearing and threating me. I then filed a grievance complaint against this official and let it be known that, I won't be attending anymore, as long as this officer is holding the hearing, see complaint attached as **Exhibit B.** I was again called for another hearing session and I [had] refused to attend, and later that day, one C.O. by the name of Goddell came to my cell with a refusal form for me to sign, and [I] then took the form from him and wrote my reason for not attending the hearing on it, along with a copy of the grievance - complaint attached to it. All this took place on 5/24/2013; I was never again called to another hearing session, I was never given a disposition of the hearing, I had no idea weather the hearing was still going on out of my presence, or had it ended. It was not until I receive my inmates monthly statement on 7/16/2013, see, my inmates monthly statement attached herein as **EXHIBIT-C.** This is when I notice that a $5 sircharge was taken out of my account for an disciplinary tier 111 dated 6/18/2013, therefore, this hearing must be dismiss for these reasions:

## SEVERAL VIOLATIONS

1. By law the inmate who refused to attend his hearing **MUST** be advised of all the rights he or she is giving up in refusing to attend. see, **Tafari v. Selsky**, 836 N.Y.S.2d 306, attached herein as **Exhibit-D**. I was never given any advise by neither the hearing officer or the officer who brings me the refusial form for me to sign, therefore, this hearing must be dismiss.

2. My rights to appeal the hearing was violated  by the hearing officer not sending me a copy of the disposition and the evidence relied upon at the hearing in making his decision, neither was I notified of my rights to appeal. see, **Directive 4932 sec.254.8, and also 7 NYCRR 254.7(A)(5).** **Therefore, because of all these violations**, this hearing must be dismiss, and all  the charges expunged from my  record.

very truly

**DATED: 7/17/2013**
**SENECA, NEW YORK 14541**

Eric Tolliver, 94-B-1563
11-A1-18-B
Five Points Corr. Fac.
State Route 96, P.O.Box 119
Romulus, New York 14541

cc. file
    Superintendent
    Albany

August 11, 2013

RE: <u>Discretionary Review By Superintendent</u>

Dear Superintendent Sheahan,

very good day to you. I am writing this letter to you asking please could you tell me what is the status of my **Discretionary Review**, that I have submitted to you on are about 7/16/2013. I have yet to get any response to my request, therefore, please could you tell me what is the status. Thanks very much for your time in this matter, have yourself a very bless day, GOD BLESS.

Yours truly

<u>Eric  Tolliver, 94-b-1563</u>

11-A1-18-B

cc. file



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

FIVE POINTS CORRECTIONAL FACILITY

## MEMORANDUM

TO:      **E. TOLLIVER**          94B1563          **11-A1-18B**

FROM:    R. Coveny, Deputy Superintendent for Security

DATE:    August 13, 2013

SUBJECT:  **Discretionary Review**

I am in receipt of your letter to Superintendent Sheahan regarding a Discretionary Review. After review, you do not currently have any disciplinary sanctions in effect.

RC/lk
Cc: File

Dated August 20, 2013

RE: **Discretionary Review Requested**

Dear Dep. Coveny,

very good day to you. I am writing this letter to you in response to a reply you have sent to me dated August 13, 2013. I did have a Superintendent's hearing stated on May 16, 2013, and ended June 11,2013, this hearing was held by LT. Levac, this was a RE-Hearing  of a reverse prior hearing. After this new hearing I was found guilty by LT. Levac, I then sent a discretionary  review request with the issues of the alleged violations that take place at the hearing. This request was acknowledge by the Superintendent himself. Therefore, when I receive your letter stating that after reviewing the records, you did not see any currently disciplinary sanctions against me in effect, I think that you may have misunderstood what is it I was inquiring about, therefore, now that I have inform you about the facts of the matter, please I am asking, what is the status of my discretionary review request that was sent to and acknowledge by the superintendent? Thanks very much for your time into this very important matter, I awaits your response to this letter, have yourself a bless day.

yours truly

Eric Tolliver, 94-B-1563
11-A1-18-B

cc. file
    Superintendent



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

FIVE POINTS CORRECTIONAL FACILITY

## MEMORANDUM

TO:       **E. TOLLIVER**       **94B1563**       **11-A1-18B**

FROM:     R. Coveny, Deputy Superintendent for Security

DATE:      August 28, 2013

SUBJECT:   **Discretionary Review**

I am in receipt of your letter to my office.  After closer review, I discovered this was a re-hearing for a prior incident.  The disposition has already been served.  I will not adjust any sanctions imposed.

RC/bd
Cc: File

# EXHIBIT "C"



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

**ANTHONY J. ANNUCCI**
**ACTING COMMISSIONER**

**JOSEPH F. BELLNIER**
**DEPUTY COMMISSIONER**
**CORRECTIONAL FACILITIES**

August 16, 2013

Mr. Eric Tolliver
#94-B-1563
Five Points Correctional Facility
6600 State Route 96
Caller Box 400
Romulus, New York 14541

Dear Mr. Tolliver:

This is in response to your letter regarding the appeal of your Superintendent's Hearing of June 11, 2013.

Please be advised that your appeal was received on July 22, 2013. This office has 60 days from the date it was received to render a decision. A review will be conducted in accordance with established procedures and you will be notified directly of the results.

As you await a response, I encourage you to exhibit positive behavior and avoid any further disciplinary problems.

Sincerely,

Albert Prack
Director, Special Housing/
Inmate Disciplinary Programs

AP:tb
cc:    Superintendent Sheahan, Five Points Correctional Facility
       Central Files

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JOSEPH BELLNIER
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME: TOLLIVER, ERIC                NO. 94B1563

HEARING FACILITY:  FIVE POINTS

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT
LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF
JUNE 11, 2013,     HAS BEEN REVIEWED AND AFFIRMED ON SEPTEMBER 23, 2013.

_____ALBERT PRACK_____
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

RECEIVED

SEP 24 2013

TIER OFFICE

ERIC TOLLIVER, 94-B-1563
SULLIVAN CORRECTIONAL FACILITY
P.O.BOX 116
FALLSBURG, NEW YORK 12733-0116

TO: THE PRO SE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STAT
COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312