STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
Attorney General

DIVISION OF STATE COUNSEL
Litigation Bureau

(212) 416-6185

**Via ECF**  September 9, 2014

The Honorable Deborah A. Batts
The Honorable Kevin N. Fox
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  <u>Tolliver v. Skinner, et al.</u>, 12 Civ. 0971 (DAB) (KNF)

Dear Judges Batts and Fox:

I write regarding Plaintiff's motion for a default judgment against Supplemental Defendant Prack, which was entered on the S.D.N.Y. ECF docket on September 5 although apparently submitted to the Pro Se Clerk on August 21. Although there has been a reference in this action to Judge Fox, the notice of motion was directed to Judge Batts by Plaintiff, and accordingly this letter is being addressed to both Judge Batts and Judge Fox.

The context of Plaintiff's recently docketed motion for a default is that the U.S. Marshals Service sought to effect service on Defendant Prack both by mailing him a request for acknowledgment of service mail on or about April 28, 2014 and by delivering a service package to his Albany office on June 16, 2014. Only the June 16, 2014 method is reflected on the docket as having been completed as an earlier acknowledgment of service form does not appear on the docket. As discussed in this letter, whichever method of service is considered operative in the Court's analysis, the claim that Defendant Prack defaulted fails. Submitted with this letter is the September 8, 2014 Declaration of Albert Prack and September 9, 2014 Declaration of Jeb Harben, which outline the service issues in this case.

Defendant Prack is no stranger to this case. Previously a defendant in this case dismissed in 2013 pursuant to a motion to dismiss, almost a year later he was named in a Supplemental Complaint. On July 21, 2014, he moved to dismiss the Supplemental Complaint. After opposing Defendant Prack's motion to dismiss on August 11 (the deadline for Plaintiff to serve his opposition was August 7), Plaintiff made the instant motion for a default approximately one month after Defendant Prack had already moved to dismiss. On September 5, Judge Fox approved Defendant Prack's request that he be allowed until September 10 in which to submit a reply.

For the following reasons Plaintiff's motion for a default lacks merit no matter how the Court determines service was effected on Defendant Prack. First, there has been no default if the applicable deadline to respond stems from the attempt by the Marshals Service to serve Defendant Prack personally on June 16, 2014. As outlined in Mr. Prack's declaration (as well as Ms. Norton's declaration previously submitted on Defendant Prack's motion to dismiss), he was not personally served with any legal materials. Rather, materials were left with personnel in his office (with no follow-up mailing in an envelope bearing the legend "Personal and Confidential"

as required by CPLR § 308(2)), and those materials included neither the Complaint nor the Supplemental Complaint as ordered by Judge Fox in his April 4 Order. Having never been served with the Supplemental Complaint, no personal jurisdiction could have been obtained over him and he could not have defaulted.[1]

Second, if service by mail is deemed to have been effected (as Plaintiff appears to be arguing in his motion given his sole references to the Marshals Service's attempt at mail service and Defendant Prack's execution of an acknowledgment of service form) (and although Judge Fox has already ruled that any attempted service by mail was not effective[2]) there is no basis for a default. Under the S.D.N.Y. Standing Order filed December 30, 2013, defendants have 60 days to respond in an action if they agree to accept service by mail by returning an acknowledgment form to the Marshals Service within 30 days of the receipt of the form. While, in this instance, the Marshals Service failed to include the Supplemental Complaint in the materials they sought to serve by mail (indeed, Defendant Prack has *never* actually been served with the Supplemental Complaint in this action), Defendant Prack chose to execute the acknowledge of service form at that time in order to address Plaintiff's allegations on the merits via a motion to dismiss.

Plaintiff asserts that Defendant Prack was served by mail on May 12, 2014, presumably because that is the date he signed the acknowledgment form. But if Plaintiff contends that Defendant Prack's response was due 60 days from May 12, he is misinterpreting the instructions from the Marshals Service included on all acknowledgment forms, which clearly state "the defendant will have 60 days from the date the defendant or the defendant's agent mails or delivers to the U.S. Marshals Service the completed" form. Here, the form was executed in Albany by Defendant Prack on May 12, mailed to Counsel in New York City, and then on May 19, 2014, I forwarded Defendant Prack's signed acknowledgment to the Marshals Service by placing the envelope addressed to the Marshals Service in my Offices's U.S. Mail pick up bin in accordance with the Office's routine mailing procedures. Accordingly, entry of a default here is improper even if service by mail was accomplished because Defendant Prack's motion to dismiss was made within the time allowed by the Standing Order.

Regardless of service of process, a default is wholly inappropriate here because there has been no willfulness shown as required by the district courts in the Second Circuit. See, e.g., Basile v. Wiggs, 2009 U.S. Dist. LEXIS 130949, at ** 12-13 (S.D.N.Y. May 1, 2009) (finding no willfulness where defendant's response to the complaint was several months late and discussing other factors necessary to enter a default judgment); National Trust Co. v. American Home Assurance Co., 1987 U.S. Dist. LEXIS 319, at * 7 (S.D.N.Y. Jan. 20, 1987) (declining to enter default where answer was filed several days late). The entry of a judgment by default is a "drastic remedy, and should be applied only in extreme circumstances." Marfia v. T.C. Ziraat

---

[1] See Sibley v. Jamestown Bd. of Pub. Utils., 2012 U.S. Dist. LEXIS 97712, at * 4 (W.D.N.Y. July 13, 2012) (citing Omni Capital Int'l v. Rudolph Wolf & Co., Ltd., 484 U.S. 97 (1987)); Dorrough v. Harbor Securities, LLC, 2002 U.S. Dist. LEXIS 13546, at * 11 n. 4 (E.D.N.Y. May 10, 2002) (default vacated where service not properly effected: "the mere fact that [defendant] had knowledge of the lawsuit [was] insufficient to cure plaintiff's failure to properly effectuate service").

[2] Judge Fox's July 8, 2014 Order states that service by mail was not effective because his April 4, 2014 Order did not call for service by mail through an acknowledgment of service form.

Barkasi, N.Y. Branch, 100 F.3d 243, 249 (2d Cir. 1996).  A difference of opinion, or even a mistake, as to the applicable deadline is hardly indicative of willfulness.  Moreover, Plaintiff cannot show prejudice as a result of this relatively short delay.  In addition, as demonstrated in Defendant Prack's motion to dismiss and his September 8, 2014 Declaration, he has meritorious defenses to Plaintiff's claims against him.

      Finally, Defendant Prack's lack of willfulness and desire to proceed in good faith is further demonstrated by the fact the he has not sought to evade service or avoid participating in this action.  In fact, he voluntarily signed an acknowledgment form that he was not required to sign.  Indeed, he was already a party in 2012, moved to dismiss at that time, and his motion was granted in 2013.  Defaulting a defendant who already appeared in this action in 2012 and moved to dismiss on two separate occasions (in 2012 and 2014) makes little sense.  If Defendant Prack's July 21 motion to dismiss is deemed timely submitted by the Court and Plaintiff's motion for a default denied, he does not intend to pursue his defense of lack of service of process.

      It is Defendant Prack's position that Plaintiff's motion should be denied sua sponte for the reasons stated herein so as not to consume more of the Court's valuable time.  In the event that the Court is not inclined to deny the motion at this time, we seek to schedule a conference to discuss the issues raised in Plaintiff's motion so that the Court can determine whether this matter warrants further briefing.  If the Court believes that a conference is appropriate, or wishes the issue briefed, it is respectfully requested that Defendant Prack be allowed until September 15 in which to submit his opposition and that the Clerk of the Court be stayed from certifying any default in this action while the motion is pending.

      We thank the Court for its consideration in this matter.

                                                          Respectfully submitted,

                                                          /s/

                                                        Jeb Harben
                                                        Assistant Attorney General

Enc.

cc:  Eric Tolliver 94B1563, Pro Se (by mail w/enc.)