```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC TOLLIVER,                                              :

                        Plaintiff,                          :

            -against-                                       :   **MEMORANDUM AND ORDER**

D.S.A. LYNN LILLEY, SUPERINTENDENT                          :   12-CV-971 (DAB) (KNF)
PATRICK GRIFFIN, LT. T. LEVAC,
D.S.S. R. COVENY, DIRECTOR ALBERT                           :
PRACK,
                                                            :
                        Defendants.
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

*Procedural History*

On February 3, 2012, Eric Tolliver ("Tolliver"), proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights arising out of his fiancée's September 11, 2011 visit with him at New York's Sullivan Correctional Facility and the September 2011 related disciplinary hearing. On April 4, 2014, the Court granted Tolliver's application for leave to supplement the complaint to add claims against: (1) Lt. T. Levac ("Levac"), a hearing officer at New York's Five Points Correctional Facility; (2) D.S.S. R. Coveny ("Coveny"), a review officer at New York's Five Points Correctional Facility; and (3) Albert Prack, director, Special Housing/Inmate Disciplinary Program, New York State Department of Corrections and Community Supervision. Tolliver's proposed new constitutional rights violations claims concern the 2013 hearing of his grievance in connection with the September 11, 2011 visit by his fiancée that formed the basis of the original claims asserted in

the 2012 complaint. The defendants objected to the April 4, 2014 determination. The assigned district judge rejected the defendants' objection premised on a New York Civil Practice Law and Rules Article 78 proceeding, because it was based on "new developments not presented in the record at the time the Magistrate considered plaintiff's motion to supplement his complaint." The assigned district judge determined that the Court's April 4, 2014 findings were not clearly erroneous or contrary to law, approving, adopting and ratifying them. Before the Court is a motion to dismiss, made by Levac and Coveny, "pursuant to Rule 12(b)(6) and (1) of the Federal Rules of Civil Procedure," for an order dismissing the "Plaintiff's Supplemental Complaint or, in the alternative, an order pursuant to 28 U.S.C. § 1404(a) transferring venue from the Southern District to the Northern or Western District of New York." The plaintiff opposes the motion.

***Defendants' Contentions***

The moving defendants contend that personal jurisdiction was not obtained over them because they were not served with the complaint; thus, service of process was insufficient. They assert that the plaintiff lost his Article 78 proceeding, on April 1, 2014, and he is collaterally estopped from re-litigating the issues "which simply mirror those in his unsuccessful Article 78 proceeding." According to the moving defendants, the plaintiff failed to exhaust properly his claims against them because the claims, "arising from the 2013 re-hearing were, by definition, not exhausted" prior to the filing of the original complaint. Coveny asserts that the plaintiff failed to allege sufficiently his personal involvement, and the fact that he "did not agree that a discretionary review was warranted . . . is hardly a basis to find personal involvement in a constitutional violation." The moving defendants assert that they are entitled to qualified immunity because the clearly established right they violated has not been identified, and "denying a prison disciplinary appeal is hardly a constitutional violation, particularly when that

2

decision is subsequently upheld by an Article 78 court as not being unconstitutional." The moving defendants contend that no basis exists to allow claims not arising out of the Southern District of New York to proceed in that judicial district because "[t]he primary locus of the Supplemental Claims and Defendants is Five Points, which is located in the Western District of New York or, in the alternative, the Northern District, as those claims relate to Supplemental Defendant Prack."[1] According to the moving defendants, they do not reside in the Southern District of New York, and none of the operative facts concerning the plaintiff's claims in the supplemental pleading occurred in that judicial district. The moving defendants assert that the convenience of the parties mandates that the supplemental claims be transferred to the Western or the Northern District of New York because the plaintiff's choice of venue is not controlling, given the facts of this case.

*Plaintiff's Contentions*

Tolliver contends that the motion should be denied as untimely. He maintains that collateral estoppel does not apply because an "Article 78 Court does not have the power to award the type of relief available in a § 1983 action." Tolliver asserts that he exhausted all his administrative grievances remedies before filing his supplemental claims. He contends that he alleged sufficiently Coveny's personal involvement, by asserting that Coveny received his "request for a review of all the violations that [were] done against him by Lt. Levac," but turned a blind eye to them. Tolliver contends he suffered an injury because "a RED highlight" covers

---

[1] The moving defendants' memorandum of law is almost entirely identical to the memorandum of law filed in support of Albert Prack's motion to dismiss, except for the defendants' names. The Court assumes that the reference to Supplemental Defendant Prack was an error, and this argument was meant to refer to Levac and Coveny, not "Supplemental Defendant Prack."

3

his name "whenever he goes on his visits with any female visitor," and he "must be seated in a[n] area of the visiting room where he could be watched at all times." According to Tolliver, he and any of his female visitors are watched not only by the officers, but also by "other inmates and their visitors," and "at times these officers would just sit there and stare[] directly at the plaintiff and his visitor, and then just burst out laughing, and this causes plaintiff and his visitor to become very embarrassed, belittled and disrespected." Tolliver asserts that "this kind of offense on plaintiff[']s record could stop him from participat[ing] in the Family Reunion Program," and further, require him "to take a sex offender's program, and could certainly prevent an inmate from obtaining parole approval at the board." Tolliver contends that the moving defendants' qualified immunity argument is baseless, because the New York regulations give the officials clear notice that the inmates have rights. Since these rights were well established at the time when the moving defendants violated them, they cannot be shielded by qualified immunity. Tolliver maintains that venue is proper because the action started originally in the Southern District of New York and the Court has discretion to permit his supplemental claims to be brought in the Southern District of New York.

***Defendants' Reply***

The moving defendants contend that the burden is on the plaintiff to show that personal service was proper "which he cannot do because he has no personal knowledge of which materials the U.S. Marshal[s] Service actually served on the Supplemental Defendants." The moving defendants assert that collateral estoppel applies because the Article 78 court rejected the plaintiff's due process and retaliation claims that the hearing officer was biased and conducted part of the hearing improperly, in the plaintiff's absence. Coveny asserts that the 2013 hearing does not implicate due process liberty rights because it imposed no sanctions. Moreover, since

4

no sanctions were imposed, it cannot be said that Coveny's conduct was objectively unreasonable. The moving defendants contend that forcing them to defend against this action in the Southern District of New York is inconvenient and inappropriate, notwithstanding that the plaintiff is incarcerated in that judicial district.

In addition, the moving defendants submitted a declaration by Nichole Crane ("Crane"). Crane states that she is an "Inmate Records Coordinator II at Five Points Correctional Facility," and "sometimes accept[s] service of legal documents on behalf of other Five Points employees." Attached to Crane's declaration is Exhibit A, which, according to her, contains "true and correct copies of all legal documents in this action received by me from the U.S. Marshals Service on July 10, 2014," and "[n]owhere contained in Exhibit A is a copy of the Supplemental Complaint, or Complaint, in this action, and no such document was delivered to me."

## DISCUSSION

*Timeliness of the Rule 12 Motion*

> Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed. R. Civ. P. 12(a)(1)(A)(i)(ii).

The United States Marshals Service certified that Levac and Coveny were served with the "Summons and Complaint," on July 10, 2014. (Docket Entry Nos. 83 & 84). Not having waived service under Rule 4(d), see Fed. R. Civ. P. 12(a)(1)(A)(ii), Levac and Coveny had "21 days after being served with the "summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), or until July 31, 2014, to serve their response to the complaint. The defendants' motion to dismiss

was served on July 30, 2014. Therefore, the instant motion is timely.

*Rule 12(b)(1) Motion*

Although the moving defendants' notice of motion states that it is made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which provides that a party may assert a defense of "lack of subject-matter jurisdiction" by a motion, the moving defendants do not make any arguments challenging subject-matter jurisdiction. Thus, the instant motion is made, improperly, under Rule 12(b)(1).

The moving defendants argue that personal jurisdiction is lacking because they were not "served with the Supplemental Complaint (or Complaint, as directed by the Court)," which made the service of process insufficient. The Federal Rules of Civil Procedure provide that a defense of "lack of personal jurisdiction" may be asserted in a motion. Fed. R. Civ. P. 12(b)(2). Rule 12(b)(4) governs the defense of "insufficient process" and Rule 12(b)(5) governs the defense of "insufficient service of process."

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.
>
> 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

"Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and complaint have not been served on the defendant pursuant to Rule 12(b)(5)." Anzulewicz v. Nat'l Fuel Gas Supply Corp., 208 F.R.D. 47, 49 n.5 (W.D.N.Y. 2002).

Since the moving defendants do not assert noncompliance with Rule 4(b), dealing with the content of the summons, or otherwise challenge the form of the process, their motion is not governed by Rule 12(b)(4). Rather, the moving defendants assert insufficient service of process, which is governed by Rule 12(b)(5).

"Under Rule 12(b), a 'speaking' motion, i.e., a motion that includes evidentiary matters outside the pleadings, is properly converted to a Rule 56 motion only when it is made under Rule 12(b)(6): failure to state a claim." Kamen v. Am. Tele. & Tele. Co., 791 F.2d 1006, 1010 (2d Cir. 1986). "[M]aterials outside the pleadings . . . may [be considered by the court] without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013). Similarly, materials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under Rule 12(b)(5), into a motion for summary judgment. See Darden v. Daimlerchrysler North America Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). Thus, in resolving the instant motion on the grounds of lack of personal jurisdiction and insufficient service of process, the Court will consider materials outside the pleadings without converting the motion to dismiss into a motion for summary judgment.

"Where an independent process server files an affidavit affirming that the requirements of Rule 4(e) have been complied with, '[t]he mere denial of receipt of service . . . is insufficient to overcome the presumption of validity' of that affidavit." J & J Sports Prods., Inc. v. Arnoat, No. 06 Civ. 2103, 2007 WL 2042981, at *1 (S.D.N.Y. July 12, 2007) (quoting Nolan v. City of Yonkers, 168 F.R.D. 140, 144 (S.D.N.Y. 1996)). "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy," and "[c]onclusory statements are insufficient to overcome a defendant's sworn affidavit that he was

7

not served. If service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." Darden, 191 F. Supp. 2d at 387.

The United States Marshals Service certified that Levac and Coveny were served with the "Summons & Complaint," on July 10, 2014, and that the individual who accepted service was Crane. That certification renders service on Levac and Coveny presumptively valid. Crane stated in her declaration that, when she accepted service of process on behalf of Levac and Coveny, the documents accepted did not contain "the Supplemental Complaint, or Complaint, in this action, and no such document was delivered to me." However, the U.S. Marshals Service's certification that the "Summons & Complaint" were served on Levac and Coveny contradicts Crane's declaration. Accordingly, the Court finds that inconsistent factual assertions have been made requiring an evidentiary hearing.

On November 21, 2014, at 10:00 a.m., a hearing will be held in Courtroom 228, United States District Court, 40 Foley Square, New York, New York, at which the following persons must appear:

(a) Eric Tolliver;

(b) the Deputy United States Marshal who certified service on Lt. T. Levac and D.S.S. R. Coveny, on July 10, 2014;

(c) Lt. T. Levac;

(d) D.S.S. R. Coveny; and

(e) Nichole Crane.

Jeb Harben, Esq. ("Harben"), counsel to the defendants, is directed to: (1) prepare and present to the Court, for execution, an appropriate writ to secure Tolliver's timely presence in

8

this court to participate in the hearing; and (2) ensure, via compulsory process or other means, the attendance of Prack, Norton and the relevant deputy United States Marshal.

Dated:  New York, New York
       October 24, 2014

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Eric Tolliver

*erictolliver6.mo*