UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERIC TOLLIVER,                                       :

                          Plaintiff,                 :

                    -against-                        : **REPORT AND RECOMMENDATION**

D.S.A. LYNN LILLEY, SUPERINTENDENT                   :          12-CV-971 (DAB) (KNF)
PATRICK GRIFFIN, LT. T. LEVAC,
D.S.S. R. COVENY, DIRECTOR ALBERT                    :
PRACK,
                                                     :
                          Defendants.
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

# BACKGROUND

*Procedural History*

On February 3, 2012, Eric Tolliver ("Tolliver"), proceeding pro se, commenced this

action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights arising out of

his fiancée's September 11, 2011 visit with him at New York's Sullivan Correctional Facility

and the September 2011 related disciplinary hearing.  On April 4, 2014, the Court granted

Tolliver's application for leave to supplement the complaint to add claims against: (1) Lt. T.

Levac ("Levac"), a hearing officer at New York's Five Points Correctional Facility; (2) D.S.S.

R. Coveny ("Coveny"), a review officer at New York's Five Points Correctional Facility; and

(3) Albert Prack, director, Special Housing/Inmate Disciplinary Program, New York State

Department of Corrections and Community Supervision.  Tolliver's proposed new constitutional

rights violation claims concern the 2013 hearing of his grievance in connection with the

September 11, 2011 visit by his fiancée that formed the basis of the original claims asserted in the 2012 complaint. The defendants objected to the April 4, 2014 determination. Your Honor rejected the defendants' objection premised on a New York Civil Practice Law and Rules Article 78 proceeding, because it was based on "new developments not presented in the record at the time the Magistrate considered plaintiff's motion to supplement his complaint." Your Honor determined that the Court's April 4, 2014 findings were not clearly erroneous or contrary to law, approving, adopting and ratifying them.

Levac and Coveny made a motion to dismiss, "pursuant to Rule 12(b)(6) and (1) of the Federal Rules of Civil Procedure," for an order dismissing the "Plaintiff's Supplemental Complaint or, in the alternative, an order pursuant to 28 U.S.C. § 1404(a) transferring venue from the Southern District to the Northern or Western District of New York." (Docket Entry No. 79). The plaintiff opposed the motion. (Docket Entry No. 86).

On October 24, 2014, the Court found that the motion was timely, but inconsistent factual assertions had been made concerning service of the summons and complaint on Levac and Coveny, because Nicole Crane ("Crane"), an "Inmate Records Coordinator II at Five Points Correctional Facility," stated in her declaration that when she accepted service of process on behalf of Levac and Coveny, the documents accepted did not contain "the Supplemental Complaint, or Complaint, in this action," which was contradicted by the United States Marshals Service's certification that the "Summons & Complaint" were served on Levac and Coveny. The Court directed that a hearing be held, with the following persons required to appear: the plaintiff, the deputy United States marshal who certified service on Levac and Coveny on July 10, 2014, Levac, Coveny and Crane. (Docket Entry No. 106). The hearing was held on

November 21, 2014.  Thereafter, the parties submitted their respective post-hearing arguments to the Court.

## Defendants' Contentions

The moving defendants contend that personal jurisdiction was not obtained over them because they were not served with the complaint; thus, service of process was insufficient.  They assert that the plaintiff lost his Article 78 proceeding, on April 1, 2014, and he is collaterally estopped from re-litigating the issues "which simply mirror those in his unsuccessful Article 78 proceeding."  According to the moving defendants, the plaintiff failed to exhaust properly his claims against them because the claims, "arising from the 2013 re-hearing were, by definition, not exhausted" prior to the filing of the original complaint.  Coveny asserts that the plaintiff failed to allege sufficiently Coveny's personal involvement in the alleged constitutional violation, and the fact that he "did not agree that a discretionary review was warranted . . . is hardly a basis to find personal involvement in a constitutional violation."  The moving defendants assert that they are entitled to qualified immunity because the clearly established right they are alleged to have violated has not been identified, and "denying a prison disciplinary appeal is hardly a constitutional violation, particularly when that decision is subsequently upheld by an Article 78 court as not being unconstitutional."  The moving defendants contend that no basis exists to allow claims not arising out of the Southern District of New York to proceed in that judicial district because "[t]he primary locus of the Supplemental Claims and Defendants is Five Points, which is located in the Western District of New York or, in the alternative, the Northern District, as those claims relate to Supplemental Defendant Prack."  According to the moving defendants, they do not reside in the Southern District of New York, and none of the operative facts concerning the plaintiff's claims in the supplemental pleading occurred in that

judicial district. The moving defendants assert that the convenience of the parties mandates that the supplemental claims be transferred to the Western or the Northern District of New York because the plaintiff's choice of venue is not controlling, given the facts of this case.

***Plaintiff's Contentions***

Tolliver contends that the motion is untimely and should be denied. He maintains that collateral estoppel does not apply because an "Article 78 Court does not have the power to award the type of relief available in a § 1983 action." Tolliver asserts that he exhausted all his administrative grievances remedies before filing his supplemental claims. He contends that he alleged sufficiently Coveny's personal involvement, by asserting that Coveny received his "request for a review of all the violations that [were] done against him by Lt. Levac," but turned a blind eye to them. Tolliver contends he suffered an injury because "a RED highlight" covers his name "whenever he goes on his visits with any female visitor," and he "must be seated in a[n] area of the visiting room where he could be watched at all times." According to Tolliver, he and any of his female visitors are watched not only by the officers, but also by "other inmates and their visitors," and "at times these officers would just sit there and stare[] directly at the plaintiff and his visitor, and then just burst out laughing, and this causes plaintiff and his visitor to become very embarrassed, belittled and disrespected." Tolliver asserts that "this kind of offense on plaintiff['] record could stop him from participat[ing] in the Family Reunion Program," and further, require him "to take a sex offender's program, and could certainly prevent an inmate from obtaining parole approval at the board." Tolliver contends that the moving defendants' qualified immunity argument is baseless, because the New York regulations give the officials clear notice that the inmates have rights. Since these rights were well established at the time when the moving defendants violated them, they cannot be shielded by

4

qualified immunity.  Tolliver maintains that venue in this judicial district is proper, because the action started originally in the Southern District of New York and the court has discretion to permit his supplemental claims to be brought in the Southern District of New York.

***Defendants' Reply***

The moving defendants contend that the burden is on the plaintiff to show that personal service was proper "which he cannot do because he has no personal knowledge of which materials the U.S. Marshal[s] Service actually served on the Supplemental Defendants."  The moving defendants assert that collateral estoppel applies because the Article 78 court rejected the plaintiff's due process and retaliation claims that the hearing officer was biased and conducted part of the hearing improperly, in the plaintiff's absence.  Coveny asserts that the 2013 hearing does not implicate due process liberty rights because it imposed no sanctions.  Moreover, since no sanctions were imposed, it cannot be said that Coveny's conduct was objectively unreasonable.  The moving defendants contend that forcing them to defend against this action in the Southern District of New York is inconvenient and inappropriate, notwithstanding that the plaintiff is incarcerated in that judicial district.

In addition, the moving defendants submitted a declaration by Crane.  Crane states that she is an "Inmate Records Coordinator II at Five Points Correctional Facility," and "sometimes accept[s] service of legal documents on behalf of other Five Points employees."  Attached to Crane's declaration is Exhibit A, which, according to her, contains "true and correct copies of all legal documents in this action received by me from the U.S. Marshals Service on July 10, 2014," and "[n]owhere contained in Exhibit A is a copy of the Supplemental Complaint, or Complaint, in this action, and no such document was delivered to me."

*The November 21, 2014 Hearing*

The following testimony is pertinent to the July 10, 2014 service of process on Levac and Coveny:

Andrew Robinson ("Robinson"), the deputy United States marshal who performed the July 10, 2014 service on Levac and Coveny, testified that he signed "Process Receipt and Return" forms USM-285, addressed to Levac and Coveny. When Robinson received the packet containing process for Levac and Coveny from his supervisor, it was open. He testified that he "did go through the paperwork . . . just to be familiar with what I was presenting to Ms. Crane." After reviewing the process packages, Robinson placed them back in the envelope. He did not add to or remove anything from the envelope containing the process packages. Robinson delivered the process packages for Levac and Coveny to Crane. Crane reviewed the process packages, without making any objection to their content. Robinson showed Crane the summonses and instructed her that Levac and Coveny "had 21 days from [the] date of [their] receipt" to answer. Robinson remembered that it "was a very thick packet," but he did not know what documents, other than the Process Receipt and Return forms and the summonses, were included in the packages.

Crane testified that, on July 10, 2014, "the U.S. marshal service came to the facility and hand-delivered" to her two packages, one for Levac and one for Coveny. Crane reviewed the content of the packet in front of the deputy marshal. She testified that the deputy marshal informed her "that it was a summons and complaint," and she "accepted the packet for what he told me it was." She wrote her identification information and address of the facility on the Process Receipt and Return forms, without reviewing the forms. Crane testified that on July 10, 2014, it was the first time she received process from the U.S. Marshals Service, after she

6

"cleared it through our Albany counsel's office, and they said that, yes, I was able to do it.  So I as a supervisor took it upon myself.  This was a special case, so I personally went out to our lobby and did it."

Coveny testified that he had no recollection of being served with process or requesting representation in this action, and he first learned about this action the day before the hearing.  He stated that he never received a copy of the process packet in connection with this litigation.

Jeb Harben, Esq. ("Harben"), the assistant New York attorney general who previously represented the defendants, testified that he has no personal knowledge of what documents were served on the defendants.  Tolliver testified that the documents he received from the U.S. Marshals Service and the defendants' attorney all confirm that the documents were delivered to the defendants and that the defendants acknowledged receiving the documents, as shown by the acknowledgment forms.

## DISCUSSION

### *Rule 12(b)(1) Motion*

Although the moving defendants' notice of motion states that it is made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which provides that a party may assert a defense of "lack of subject-matter jurisdiction" by a motion, the moving defendants do not make any arguments challenging subject-matter jurisdiction.  Thus, the instant motion is made, improperly, under Rule 12(b)(1).

The moving defendants argue that personal jurisdiction is lacking because they were not "served with the Supplemental Complaint (or Complaint, as directed by the Court)," which made the service of process insufficient.  The Federal Rules of Civil Procedure provide that a defense of "lack of personal jurisdiction" may be asserted in a motion.  Fed. R. Civ. P. 12(b)(2).  Rule

12(b)(4) governs the defense of "insufficient process" and Rule 12(b)(5) governs the defense of "insufficient service of process."

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.  Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.  A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.  Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.

> 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

"Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and complaint have not been served on the defendant pursuant to Rule 12(b)(5)." Anzulewicz v. Nat'l Fuel Gas Supply Corp., 208 F.R.D. 47, 49 n.5 (W.D.N.Y. 2002).

Since the moving defendants do not assert noncompliance with Rule 4(b), dealing with the content of the summons, or otherwise challenge the form of the process, their motion is not governed by Rule 12(b)(4).  Rather, the moving defendants assert insufficient service of process, which is governed by Rule 12(b)(5).

"Under Rule 12(b), a 'speaking' motion, i.e., a motion that includes evidentiary matters outside the pleadings, is properly converted to a Rule 56 motion only when it is made under Rule 12(b)(6): failure to state a claim." Kamen v. Am. Tele. & Tele. Co., 791 F.2d 1006, 1010 (2d Cir. 1986).  "[M]aterials outside the pleadings . . . may [be considered by the court] without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013). Similarly, materials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under Rule 12(b)(5), into a motion for summary

judgment.  See Darden v. Daimlerchrysler North America Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  Thus, in resolving the instant motion on the grounds of lack of personal jurisdiction and insufficient service of process, the Court will consider materials outside the pleadings without converting the motion to dismiss into a motion for summary judgment.

"Where an independent process server files an affidavit affirming that the requirements of Rule 4(e) have been complied with, '[t]he mere denial of receipt of service . . . is insufficient to overcome the presumption of validity' of that affidavit." J & J Sports Prods., Inc. v. Arnoat, No. 06 Civ. 2103, 2007 WL 2042981, at *1 (S.D.N.Y. July 12, 2007) (quoting Nolan v. City of Yonkers, 168 F.R.D. 140, 144 (S.D.N.Y. 1996)).  "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy," and "[c]onclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served.  If service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." Darden, 191 F. Supp. 2d at 387.

The Court finds the following facts:  Robinson served process on Levac and Coveny, on July 10, 2014, by delivering the process packages to Crane and informing her "that it was a summons and complaint."  Crane accepted the service on behalf of Levac and Coveny, relying on Robinson's representation about the content of the packages, without ascertaining, identifying or knowing the content of the packages.  Robinson signed the Process Receipt and Return USM-285 forms bearing the names of Levac and Coveny, on July 10, 2014.  Both forms stated that the type of process was "Civil Summons & Complaint."  The process packages for Levac and Coveny included a summons in a civil action, each stating: "Within 21 days after service of this summons on you (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil

Procedure."

The Court concludes that no evidence rebuts the presumption of the validity of Robinson's certification in the Process Receipt and Return USM-285 forms pertaining to Levac and Coveny, and no evidence was presented to the Court to rebut or undermine Robinson's testimony.  No evidence was presented to the Court demonstrating the absence of the complaint and supplemental complaint from the packages served on Levac and Coveny by Robinson.  The Court finds that the plaintiff carried his burden of showing the adequacy of the service of process on Levac and Coveny.  Accordingly, granting the defendants' motion, based on this ground, is not warranted.

### *Rule 12(b)(6) Motion*

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he complaint must state a claim that is plausible on its face." Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208 (2d Cir. 2014).  In determining a motion to dismiss under Rule 12(b)(6), the court must take as true the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor.  See id.

#### Collateral Estoppel

The defendants, in their memorandum of law, make citation to Harben's declaration and exhibits in support of their argument that, "having lost his Article 78 proceeding, plaintiff is collaterally estopped from re-litigating these issues in this Section 1983 action."  However, no declaration or exhibits have been filed in connection with the instant motion.  Therefore, the defendants' reliance on the declaration and exhibits is misplaced and they cannot obtain relief on this ground.

<u>Failure to Exhaust Properly Claims Against Levac and Coveny</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[P]roper exhaustion of administrative remedies is necessary," and "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." <u>Woodford v. Ngo</u>, 548 U.S. 81, 84, 88-89, 126 S. Ct. 2378, 2382, 2385 (2006).

The defendants make arguments identical to those they made in their opposition to the plaintiff's motion to supplement his complaint, namely, that the "claims arising from the 2013 re-hearing were, by definition, not exhausted" properly when Tolliver commenced this action, in 2012. However, the Court rejected these arguments already, finding that Tolliver exhausted his administrative remedies related to his claims based on the post-pleading, 2013 hearing properly, prior to making his claims related to the 2013 hearing in this action. <u>See</u> Docket Entry Nos. 65 & 68. Since the defendants failed to make citation to any binding authority for the contrary proposition, dismissing the claims against them, based on failure to exhaust administrative remedies properly, is not warranted.

<u>Personal Involvement of Coveny and Failure to State a Claim</u>

To establish a Section 1983 claim against government officials, including supervisors, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009). In the Second Circuit,

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal,

11

failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

The Second Circuit has not yet addressed what, if anything, remains of the five ways of showing the personal involvement of supervisory defendants after Iqbal. See Hogan v. Fischer, 738 F.3d 509, 519 n.3 (2d Cir. 2013) ("We express no view on the extent to which the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), 'may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations.'"). The Court finds that Iqbal did not abrogate the five forms of evidence that may show the personal involvement of a supervisory defendant, as articulated in Colon, 58 F.3d at 873. "While mere receipt of a letter from a prisoner is insufficient to establish individual liability, an official's actions and responses arising out of a grievance may." Bodie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004).

Coveny received Tolliver's request for review of the constitutional violations arising from the June 2013 hearing conducted by Levac, including that Levac threatened Tolliver and the hearing transcript was altered, but he turned a blind eye to those violations, denying the plaintiff's request. Accordingly, the allegations against both Coveny and Levac are sufficient to state personal involvement and dismissing the claims against them, based on this ground, is not warranted. Coveny's contention that no due process liberty interest was implicated because "the 2013 re-hearing imposed no SHU time" is inconsistent with his assertion that "the penalty imposed was less than the 101 days." The 2013 hearing was conducted after the state court

12

annulled the 2011 hearing, which imposed six months of SHU time on Tolliver that he served. Therefore, at this stage of the litigation, it cannot be concluded that no due process liberty interest was implicated in connection with the 2013 hearing. Accordingly, dismissing the claims on this ground, is not warranted.

<u>Qualified Immunity Defense</u>

Qualified immunity is an affirmative defense shielding government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

> To determine whether a right is clearly established, we look to (1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or court of appeals case law supports the existence of the right in question; and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful.

> <u>Scott v. Fischer</u>, 616 F.3d 100, 105 (2d Cir. 2010).

A right claimed to be violated must be clearly established "at the time of the conduct at issue." <u>Davis v. Scherer</u>, 468 U.S. 183, 197, 104 S. Ct. 3012, 3021 (1984). Prison inmates are "entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations." <u>Sira v. Morton</u>, 380 F.3d 57, 69 (2d Cir. 2004) (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555-56, 94 S. Ct. 2963, 2974-75 (1974)).

The defendants' argument, that "[i]t is unclear what clearly established right the Supplemental Defendants are supposed to have violated," is meritless. Tolliver asserted that the defendants violated his due process rights when: (a) Levac, <u>inter alia</u>, tampered with the transcript and tapes from the 2013 hearing, threatened the plaintiff, ordered him out of the room, failed to send a written disposition of the hearing and advise him of his rights; and (b) Coveny

13

denied his request for review, turning a blind eye to constitutional violations in connection with the 2013 hearing about which Tolliver complained to him.  Tolliver's due process rights in connection with the 2013 disciplinary action were clearly established at the time of the conduct at issue.  Coveny's conclusory contention that it was objectively reasonable for him not to believe he was violating any clearly established law by exercising his discretion to deny Tolliver's request for review, without more, is not sufficient to warrant dismissing the claims against him based on a qualified immunity defense.  Similarly, Levac's contention that no basis exists to infer that he "would have believed he violated any clearly established rights during the rehearing," without more, does not provide a sufficient basis upon which to dismiss the claims against him based on the qualified immunity defense.  Similarly, Levac's contention that no basis exists to infer that he "would have believed he violated any clearly established rights during the rehearing," without more, does not provide a sufficient basis upon which to dismiss the claims against him based upon the qualified immunity defense.

Improper Venue

Although the defendants' notice of motion states it is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the defendants raised an affirmative defense of improper venue, which is governed by Rule 12(b)(3) of the Federal Rules of Civil Procedure.

"A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect

14

to such action." 28 U.S.C. § 1391(b).  As long as "any defendant resides" in this judicial district and all defendants are residents of New York, venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

The defendants make arguments regarding venue identical to those made in their opposition to the plaintiff's motion to supplement the complaint.  Those arguments have been rejected previously.  See Docket Entry Nos. 65 & 68.  Since the defendants do not make any new arguments on this issue, in this motion, the Court finds that venue is proper in the Southern District of New York because all defendants are residents of New York and some defendants are residents of this district.  Thus, transferring the action to another judicial district is not warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendants' motion to dismiss, Docket Entry No. 79, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  *Failure to file objections within fourteen (14) days will result in a waiver of objections and will*

*preclude appellate review.* See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Cephas v.</u>

<u>Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                          Respectfully submitted,
       February 19, 2015

                                                                 *Kevin Nathaniel Fox*
                                           KEVIN NATHANIEL FOX
                                           UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Eric Tolliver

erictolliver5.rr

16