UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC TOLLIVER,

                    Plaintiff,

                                        12 Civ. 971 (DAB)
          v.                            MEMORANDUM AND ORDER

C.O. J. SKINNER, et al.,

                    Defendants.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Pro se Plaintiff Eric Tolliver ("Plaintiff") brings this

action pursuant to 42 U.S.C. § 1983. Pending before the Court

are: (1) a Report and Recommendation (ECF No. 104, "Prack MTD

Report") by United States Magistrate Judge Kevin Nathaniel Fox

recommending that the Motion to Dismiss filed by Defendant

Albert Prack (ECF No. 73) be denied; (2) a Report and

Recommendation (ECF No. 133, "Prack Default Report") by

Magistrate Judge Fox recommending that Plaintiff's Motion for

Judgment by Default against Prack (ECF No. 93) be denied; and

(3) a Report and Recommendation (ECF No. 132, "Levac/Coveny MTD

Report") by Magistrate Judge Fox recommending that the Motion to

Dismiss filed by Defendants Tad Levac and R. Coveny (ECF No. 79)

be denied. For the reasons that follow, the Court ADOPTS each

Report in its entirety.

I. Legal Standard for Objections

"Within fourteen days after being served with a copy [of a magistrate judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of <u>pro se</u> parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, No. 09 Civ. 1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted). "Nonetheless, even a <u>pro se</u> party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Id.</u> (internal quotation marks omitted).

II. Objections

  A. Prack Motion to Dismiss Report

The Court reviews <u>de novo</u> the Objections of Defendant Prack ("Prack MTD Objs.") timely filed on November 12, 2014. (ECF No. 110.) Prack enumerates eight specific objections to Magistrate Judge Fox's Report recommending that his Motion to Dismiss be denied as untimely and, alternatively, on the merits. (Prack MTD Objs. at 1-2.) The Court will consider each in turn.

3

i.    Timeliness

Prack first argues that Magistrate Judge Fox erred in denying Prack's July 7, 2014 request for an extension of time to respond to the Complaint. (Prack MTD Objs. at 6.) However, the 14-day period for objecting to Magistrate Judge Fox's July 8, 2014 denial of the requested extension has long since passed. Fed. R. Civ. P. 72(a); see In re Bulk Oil (USA) Inc., No. 89-B-13380, 2007 WL 1121739, at *3 (S.D.N.Y. Apr. 11, 2007) ("Rule 72(a) specifically states that objections to a magistrate judge's order . . . on non-dispositive matters must be filed within [14] days after being served with a copy of the magistrate judge's order in order for the district court to review it." (internal quotations and brackets omitted)). Prack also contends that the filing of his Motion to Dismiss on July 21, 2014 should have prompted Magistrate Judge Fox to extend Prack's deadline nunc pro tunc. (Prack MTD Objs. at 7-9.) As good cause for granting such an extension, Prack offers the same explanation set forth in his original request for an extension: "counsel had not been aware due to docketing delays" of personal service on Prack. (Prack MTD Objs. at 7.) Magistrate Judge Fox found that good cause was lacking for an extension on July 8, 2014, and understandably reached the same conclusion when Prack offered the same explanation in connection with his Motion to

4

Dismiss. This Court reaches the same conclusion. Indeed, Prack is not entitled to an extension merely because extensions of that sort are "ordinarily" granted. The Court accordingly finds Prack's Motion untimely, and nevertheless considers the merits.

ii.  Service

Prack objects to Magistrate Judge Fox's conclusions related to service on several grounds. Prack argues (1) that personal service was improper because the packet of materials he received did not include the supplemental complaint; (2) that the Prack MTD Report erroneously relied on the certification of a U.S. Marshal to create a rebuttable presumption of valid service; and (3) that Magistrate Judge Fox erred in relying on Prack's purported acknowledgement of service by mail in finding that he was personally served. (Prack MTD Objs. at 9-12; see Prack MTD Report at 11-14.)

On de novo review, the Court adopts the reasoning of Magistrate Judge Fox as to the sufficiency of the June 16, 2014 personal service on Prack. (See Prack MTD Report at 13.) Although it did not specify on its face that it contained a supplemental complaint, the U.S. Marshal's certification of personal service of a "Summons & Complaint" was entitled to the presumption of validity. Moreover, the Court does not find the

5

Declaration of Jessica Norton to be credible because it fails to explain how the documents "left with Mr. Prack" came into her possession or "establish that she has personal knowledge of what was served personally on Prack." (Prack MTD Report at 13.) Additionally, Prack's argument is unpersuasive because he offers no contemporaneous evidence that a copy of the supplemental complaint was missing from the service packet he received. Instead, Prack waited until the July 7, 2014 Answer deadline to allege that service had been improper for that reason.

Finally, Magistrate Judge Fox did not find that Prack's purported acknowledgement of service by mail acted "as an acknowledgement of personal service," nor was it central to his conclusion that Prack was personally served on June 16, 2014. (See Prack MTD Report at 13-14.) Prack's Objection in that regard proceeds from a flawed premise, and consequently lacks merit. The Court accordingly concurs with Magistrate Judge Fox's finding that Prack was personally and properly served on June 16, 2014.

iii.   Collateral Estoppel

Prack next objects that the Prack MTD Report incorrectly found that collateral estoppel does not bar Plaintiff's claims because "constitutional claims cannot be raised in Article 78

6

proceedings." (Prack MTD Objs. at 12-14.) However, Magistrate
Judge Fox noted several issues raised here that either were not
"necessarily decided" in the Article 78 proceeding or could not
have been litigated there. (Prack MTD Report at 17-18.) Prack
fails to address those portions of the analysis, and instead
merely rehashes the arguments presented to Magistrate Judge Fox.
The Court accordingly adopts a clear error standard of review.
DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks
omitted); Barkley, 558 F. Supp. 2d at 451. The Court finds no
clear error in Magistrate Judge Fox's conclusion that collateral
estoppel does not apply here because, in Plaintiff's Article 78
proceeding, the Court found certain of Plaintiff's procedural
claims unpreserved (and thus did not address them) and the
Constitutional dimensions of Plaintiff's claims went wholly
unlitigated.

    iv.  Dismissal on the Merits

     Pack objects to the Prack MTD Report's conclusion that
Plaintiff has alleged that he was deprived of a due process
liberty interest as a result of the 2013 re-hearing, and that
Prack was personally involved in such deprivation. (Prack MTD
Objs. at 14-17.)

Prack argues that Plaintiff suffered no constitutional injury as a result of the 2013 re-hearing because no additional SHU time was imposed. (Prack MTD Objs. at 15.) However, Prack ignores the unique circumstances of this case. The 2013 re-hearing found Plaintiff guilty of disciplinary charges that were first instituted in 2011 and resulted in penalties that included six months in SHU. Thus, while the 2013 re-hearing did not impose <u>additional</u> SHU time, the underlying charge and penalty imposed an "atypical and significant hardship" on Plaintiff and the charge remains on Plaintiff's disciplinary record as a result of the 2013 re-hearing decision at issue here. <u>See Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). The Court is therefore unwilling to find as a matter of law, in the absence of any supportive case law featuring analogous facts, that Plaintiff had no liberty interest in a disciplinary finding of guilt ratifying six months of SHU time that had already been served, especially in light of the significant procedural irregularities Plaintiff has alleged.

Prack further contends that Plaintiff has not alleged sufficiently that he was personally involved[1] in the alleged deprivation. (Prack MTD Objs. at 14, 17.) Under the weight of

---

[1] Defendant Coveny also objects based on his alleged lack of personal involvement. (Levac/Coveny MTD Objs. at 13; <u>see infra</u> Part II.C.)

authority in the Second Circuit, an action "affirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under section 1983." Odom v. Calero, No. 06-CV-15527, 2008 WL 2735868, at *7 (S.D.N.Y. July 10, 2008) (citing cases). However, as Magistrate Judge Fox noted, Plaintiff alleges that the tape of the 2013 re-hearing was tampered with[2] and that both Coveny and Prack were on notice that the tape had been altered and ignored it. (Prack MTD Report at 20.) A supervisor may be held liable for failing to inquire into the actions of subordinates where the supervisor is "on notice that his subordinate was prone to commit some unconstitutional or unacceptable behavior." Poe v. Leonard, 282 F.3d 123, 141 (2d Cir. 2002). Given that pleadings drafted by pro se parties are to be "liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007), Plaintiff has therefore alleged sufficiently Defendants' personal involvement at this stage.

---

[2] "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

v.   Qualified Immunity

Prack next argues that Magistrate Judge Fox incorrectly concluded that Prack is not entitled to qualified immunity at this stage. (Prack MTD Objs. at 17-18.) Prack reasons that it was objectively reasonable for him to believe that he was not violating Plaintiff's clearly established rights because the 2013 re-hearing did not impose additional SHU time on Plaintiff and therefore did not deprive Plaintiff of a liberty interest under Sandin. (Id.) Prack's reasoning puts the cart before the horse. The relevant issue is whether it would have been reasonable for Prack to believe that the due process protections attendant to disciplinary actions such as those taken against Plaintiff were not violated. See Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). Plaintiff alleges that he was not provided with a written disposition of the charges against him or the evidence relied upon in reaching that disposition. See id. (requiring, inter alia, "a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary action taken"). Accordingly, Prack's Motion to Dismiss on qualified immunity grounds must be denied.

vi.   Administrative Exhaustion

Prack also argues that, contrary to Magistrate Judge Fox's finding, Plaintiff's supplemental complaint should be dismissed on exhaustion grounds. (Prack MTD Objs. at 18-19.) As Magistrate Judge Fox noted, Prack's arguments in support of his motion to dismiss were "identical" to those he made in opposition to Plaintiff's motion to supplement his complaint. (Prack MTD Report at 18.) Magistrate Judge Fox rejected those arguments in a well-reasoned April 4, 2014 Order (the "April 2014 Order") that this Court adopted in its entirety. (See ECF Nos. 65, 68.) Prack makes the same arguments here,[3] and concedes that there is "no applicable Second Circuit case law" addressing whether the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), bars a Plaintiff from supplementing his Complaint pursuant to Fed. R. Civ. P. 15(d) to assert claims that were

---

[3] Prack argues that Magistrate Judge Fox failed to address Williams v. King, 56 F. Supp. 3d 308, 329 n.137 (S.D.N.Y. 2014), which Prack cited in support of his motion to dismiss. The case is inapposite on its face because it does not state whether the 2013 claim at issue was unexhausted, or if exhaustion had occurred after the filing of the initial complaint. 56 F. Supp. 3d at 329 n.137. More importantly, Prack's counsel failed to alert the Court to a subsequent Order in Williams v. King that made it clear that the Court was dismissing the 2013 claim because "there is no evidence that this claim was exhausted," not because of when exhaustion of the claim had occurred relative to the filing of the complaint. 56 F. Supp. 3d 389, 392 n.13 (S.D.N.Y. 2014). The clarifying Order is obviously unfavorable to Prack, and counsel's failure to bring it to the Court's attention is troubling.

11

exhausted after the filing of the initial Complaint. (See Prack
MTD Objs. at 19.) The Court therefore finds, for the reasons set
forth in the April 2014 Order, that Plaintiff's supplemental
claims were properly exhausted.

    vii.   Venue

    Finally, Prack objects to Magistrate Judge Fox's
recommendation that this action remain venued in the Southern
District of New York. (Prack MTD Objs. at 19-21.) Prack
correctly notes that convenience to the parties and witnesses is
a central consideration. (Id. at 20.) However, Prack overlooks
that a plaintiff's choice of forum is entitled to significant
consideration and will not be disturbed unless other factors
weigh strongly in favor of transfer. Royal Ins. Co. of Am. v.
United States, 998 F. Supp. 351, 353 (S.D.N.Y. 1998). Moreover,
the party in favor of transfer bears the burden to demonstrate
by a "clear and convincing showing that transfer will serve the
interests of convenience and fairness." Capitol Records, LLC v.
VideoEgg, Inc., 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009). Prack
argues that the Southern District is inconvenient given that he
is located in the Northern District and Defendants Levac and
Coveny are located in the Western District. However, given that
Plaintiff and Defendants Lilley and Griffin are located in the

Southern District, the Court concludes that convenience to the parties does not "weigh strongly" in favor of transfer. The Court, accordingly, concurs with Magistrate Judge Fox.

B. Prack Default Report

   i.   Plaintiff's Objections

The Court reviews <u>de novo</u> Plaintiff's Objections ("Pl.'s Default Objs.") timely filed on March 4, 2015. (ECF No. 138.) Tolliver first argues that Magistrate Judge Fox "erred in concluding that that Defendant Prack had presented a meritorious defense" because, in support of his motion to dismiss, Prack "submitted known false and perjurious information" to the Court pertaining to service and his alleged defense was therefore "no defense at all." (Pl.'s Default Objs. at 2-3.) On <u>de novo</u> review, the Court agrees with Magistrate Judge Fox. Setting aside the heated rhetoric on both sides pertaining to service, Prack has articulated other potentially viable grounds for defending against Plaintiff's claims on the merits, including his alleged lack of personal involvement. (<u>See</u> <u>supra</u> Part II.A.) A meritorious defense need not be "conclusive[]" at this stage, <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 740 (2d Cir. 1998), and it is therefore of no moment that the Court has adopted the recommendation that Prack's Motion to Dismiss be denied. Thus,

13

Magistrate Judge Fox, resolving doubts as to the viability of Prack's defenses in favor of setting aside the default, correctly found that Prack may have a meritorious defense to Plaintiff's claims.

Plaintiff further objects to the Prack Default Report's conclusion that Prack's failure to respond timely to the Complaint was not willful, on the ground that Prack was in fact intentionally using "deceitful tactics to avoid justice" (Pl.'s Default Objs. at 3; see Prack Default Report at 16-17); and to the finding that a default judgment would bring about a harsh result for Prack, on the ground that Prack "should not be rewarded for his intentional acts of deceit." (Pl.'s Default Objs. at 4; see Prack Default Report at 17.) These objections are generalized and conclusory in nature, and the Court accordingly conducts its review for clear error only and finds Magistrate Judge Fox's conclusions to be sound. See DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks omitted).

    ii.   Defendant Prack's Objections

The Objections of Defendant Prack (ECF No. 134, "Prack Default Objs.") do not take issue with Magistrate Judge Fox's recommendation that Prack's default be set aside and Plaintiff's motion denied. (Prack Default Report at 17.) Prack nevertheless

14

presents the Court with a litany of objections to the Prack Default Report's findings and conclusions. (See Prack Default Objs. at 1-2.) Because Prack does not object to Magistrate Judge Fox's recommendation, the Court construes these objections to be non-dispositive in nature and accordingly reviews them for clear error. See Fed. R. Civ. P. 72(a).

Prack objects to three specific findings in the Prack Default Report as to service: (1) that "no evidence rebuts the presumption of validity" accorded to the certification of Deputy U.S. Marshal Tracey, who served Prack on June 16, 2014; (2) that no evidence undermined Tracey's testimony; and (3) that "no credible evidence" demonstrated that the complaint and supplemental complaint were missing from the materials served on Prack. (Prack Default Objs. at 4-12.) Prack relies on the testimony of his Secretary, Jessica Norton, to establish that the packets that were served did not contain a copy of the supplemental complaint. (Prack Default Objs. at 7.) However, it was not error for Magistrate Judge Fox's to conclude that "Neither Tracey nor Norton has personal knowledge about the content of the packet handed to Prack." (Prack Default Report at 13.) It follows that it was not clear error for Magistrate Judge Fox, in the absence of persuasive evidence to the contrary, to rely on the presumed validity Tracey's certification of service.

15

Prack further objects to Magistrate Judge Fox's analysis of the willfulness and prejudice elements of the default judgment inquiry. (Prack Default Objs. at 12-15.) Reviewing Prack's objections for clear error, the Court adopts Magistrate Judge Fox's findings and conclusions.

Prack first contends that Magistrate Judge Fox erred in concluding that his default was willful. (Prack Default Objs. at 12-13.) The Court finds no clear error in Magistrate Judge Fox's conclusion that, in light of counsel's July 7 letter acknowledging that he was aware that service had been made on June 16, counsel made a conscious decision not to respond to the complaint within the allotted time.

Prack next argues that Magistrate Judge Fox applied an erroneous legal standard in finding that Plaintiff would be prejudiced in the event Prack's default is set aside. (Prack Default Objs. at 13-15.) Although Magistrate Judge Fox addressed prejudice only briefly, the Court finds no clear error in his reasoning that setting aside Prack's default would result in prejudice to Plaintiff because it "would take away the substantive result" he achieved at significant difficulty and expense and, as a consequence, hinder Plaintiff in pursuing his claims.

Prack's final objection – that "no default has ever been entered" against him – is similarly misplaced. (Prack Default Objs. at 4.) Magistrate Judge Fox found that his October 24, 2014 Order addressing the issue acted as an entry of default against Prack. (Prack Default Report at 13.) That finding was sound for the reasons it cited: the distinction between the Court's finding in the October 24 Order and a notation by the Clerk of Court was "largely technical" because Prack had "the same opportunity to present mitigating circumstances" he would otherwise have been afforded. See Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).

### C. Levac/Coveny Motion to Dismiss Report

The Court reviews de novo the Objections of Defendants Tad Levac and R. Coveny ("Levac/Coveny MTD Objs.")[4] timely filed on

---

[4] Defendants Levac and Coveny object to the Levac/Coveny MTD Report's on the grounds of qualified immunity, administrative exhaustion, and venue. (Levac/Coveny MTD Objs. at 14-19.) They also argue, contrary to the Levac/Coveny MTD Report, that Plaintiff's Supplemental Complaint should be dismissed because Plaintiff suffered no constitutional injury as a result of the 2013 re-hearing and has not sufficiently alleged Coveny's personal involvement in the alleged deprivation. (Id. at 10-14.) Their arguments are similar, if not identical, to those offered by Defendant Prack in support of his Motion to Dismiss. (See supra Part II.A.) Those arguments have been adequately addressed by the Court in its consideration of Prack's Motion to Dismiss, and will not be reiterated here. (See supra Part II.A.iv-vii.) Magistrate Judge Fox's findings and conclusions as to Levac and Coveny are accordingly adopted for the reasons set forth above.

March 5, 2015. (ECF No. 135.) Levac and Coveny object to
Magistrate Judge Fox's determination that they were served
personally on July 10, 2014. Specifically, Levac and Coveny
assert that the "evidentiary record demonstrates that the
Complaint and Supplemental Complaint were omitted from the
service packets on Defendants Levac and Coveny." (See
Levac/Coveny MTD Objs. at 5-10.) On de novo review, the Court
concurs with Magistrate Judge Fox that the evidence neither
"rebuts the presumption" established by the U.S. Marshal's
certification of service nor "demonstrat[es] the absence of the
complaint and supplemental complaint from the packages served on
Levac and Coveny." (Levac/Coveny MTD Report at 10.)

Defendants argue that the November 21, 2014 hearing
testimony of Nichole Crane and Deputy U.S. Marshal Robinson
establishes that the Supplemental Complaint was not contained in
the packets served on Levac and Coveny. (Levac/Coveny MTD Objs.
at 6-7.) Crane accepted service on behalf of Coveny and Levac,
and testified that the packets served on them did not contain a
supplemental complaint because the copy in her file did not
contain a supplemental complaint. (Tr. 152:6-8.) However, Crane
also testified that, although she normally looks at the
documents being served before accepting service to verify the
contents listed, she "assumed" that the packets served on Levac

18

and Coveny contained a complaint because she was told they did.
(Tr. 140-41, 148-52.) Crane signed the form acknowledging
receipt of a summons and complaint. (Tr. 139:17-140:13.)
Similarly, Deputy U.S. Marshal Robinson testified that the
service packets taken from Defendants' files "appear[ed]" to be
a complete copy of those he presented to Crane. (Tr. 53:14-21.)
Robinson, however, "[could not] confirm whether or not" there
were additional documents in the packets he served, only that
the packets appeared to him to be "about the same size." (Tr.
55:25-56:6.)

In light of the vague and equivocal testimony of Crane and
Robinson, Magistrate Judge Fox properly found that the
presumption of validity accorded to Robinson's certification of
service was not rebutted. (Levac/Coveny MTD Report at 10.) The
Court is "sensitive to the problems of making credibility
determinations on [a] cold record," United States v. Raddatz,
447 U.S. 667, 679 (1980), and accordingly finds the weight given
to the hearing testimony by Magistrate Judge Fox to be
appropriate. Magistrate Judge Fox's conclusion that Levac and
Coveny were properly served is therefore ADOPTED.

19

III. Portions to Which Neither Party Has Objected

The Court may apply a clear error standard of review to those portions of each Report to which neither Party has timely objected. <u>DiPilato</u>, 662 F. Supp. 2d at 339. Having found no clear error, the Court adopts those parts of the each Report to which no timely Objections have been made.

IV. Conclusion

Having conducted the appropriate levels of review of the Reports of United States Magistrate Judge Kevin Nathaniel Fox dated October 24, 2014 and February 19, 2015, the Court APPROVES, ADOPTS, and RATIFIES each Report in its entirety. Accordingly, Plaintiff's Motion for Judgment by Default against Defendant Prack is DENIED; Defendant Prack's Motion to Dismiss the Supplemental Complaint is DENIED; and the Motion to Dismiss the Supplemental Complaint filed by Defendants Levac and Coveny is also DENIED. Further, the Clerk of Court is respectfully directed to TERMINATE without prejudice as premature Plaintiff's Motion for Summary Judgment at ECF No. 117.


        SO ORDERED.

        Dated: New York, New York
               September 25, 2015


                                    _____
                                    Deborah A. Batts
                                    United States District Judge