UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eric Tolliver,

               Plaintiff,

       V.

C.O. J. Skinner, et al,.

        Defendants.

**NOTICE OF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND EXTENSION OF TIME TO COMPLETE SERVICE UPON REMAINING DEFENDANT OF SUPPLEMENTAL SUMMONS AND COMPLAINT**

**12 Civ. 971 (DAB)(KNF)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/17/16

2016 FEB 17 PM 9:44
RECEIVED
SDNY PRO SE OFFICE

    **PLEASE TAKE NOTICE,** that upon the annexed affirmation of ERIC TOLLIVER, affirm on February **10** 2016, and upon the exhibits attached hereto, the Proposed Supplemental Complaint and Letters in support of this motion, the pleading herein, plaintiff will move this Court, before the **Honorable Deborah A. Batts, United States District Judge, for an Order pursuant to Rules 15 (d) and 6 (b) 1 (a) of the Federal Rules of Civil Procedures** granting; leave to Supplement the Complaint and filing the Supplemental Complaint submitted:

1. Deeming the copy of the proposed Supplemental Complaint served upon the represented defendants Attorney General, be deemed sufficient service upon defendants of the Supplemental Complaint.

2. Extending the time to make and complete service of the Supplemental Complaint upon the named defendant.

    I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 2016
      Fallsburg, New York

Respectfully Submitted,

Eric Tolliver, Pro Se
Plaintiff
Sullivan Corr. Fac.
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TOLLIVER,

                    Plaintiff,

            V.

C.O. J. Skinner, et al.,

                    Defendants.

AFFIRMATION IN SUPPORT OF MOTION
FOR LEAVE TO SUPPLEMENT COMPLAINT
AND EXTENSION OF TIME TO COMPLETE
SERVICE UPON REMAINING DEFENDANT
OF SUPPLEMENTAL SUMMONS AND
COMPLAINT

12 Civ. 971 (DAB)(KNF)

I, ERIC TOLLIVER, affirm under penalty of perjury that:

1. I, **ERIC TOLLIVER**, am the pro se plaintiff in the above entitled action, and respectfully move this Court to issue an Order granting plaintiff Motion to supplement complaint.

2. The reason why I am entitled to the relief I seek is the following: The one (1) defendant plaintiff wants to make apart of the complaint, violated plaintiff's Due Process and Constitutional Rights under the equal protection rights under the U.S.C.A. Const. Amend. 14, have to do with the discriminating, bias and partial acts out of retaliation been issued out against plaintiff and his wife Ms. Colleen King, by the propose defendant Ms. Cheryl Morris, Director of the (Family Reunion Program) (FRP) for the DOCCS. Attached is the Supplemental Complaint as Exhibit-A. **These violations was done out of retaliation and under the continuing violation doctrine.**

**WHEREFORE,** I respectfully request that the Honorable Court grants this motion, as well as such other and further relief as the Court may see just and proper.

I declare under the penalty of perjury that the foregoing is true and correct.


Dated: February 2016
       Fallsburg, New York

Respectfully Submitted,

E. Tri

Eric Tolliver, Pro Se
plaintiff
Sullivan Corr. Fac.
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eric Tolliver
_____

_____
_____

*(In the space above, enter the full name(s) of the plaintiff(s).)*

-against-

DIRECTOR CHERYL MORRIS
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identified to those contained in
Part 1. No Addresses should be included here.)*

" SECOND SUPPLEMENTAl"
COMPLAINT

<u>12 Civ. 971 (DAB)(KNF)</u>

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. §1983
(Prisoner Complaint)

Jury Trial:  ☐ Yes ☒  No
(check one)

**I.   Parties in this complaint:**

A   List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as
necessary.

Plaintiff   Name  Eric Tolliver, Pro Se
ID #  94-B-1563
Current Institution  Sullivan Correctional Facility
Address  325 Riverside Drive, P.O.Box 116
Fallsburg, New York 12733

B   List all defendants' names, positions, places of employment, and the address where each
defendant may be served. Make sure the defendant(s) listed below are identical to those contained
in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1   Name Cheryl Morris _____ Shield # _____
Where Currently Employed   DOCCS
Address 1220 Washington Ave. Building #2
Albany, New York 12226-2050

*Rev. 05/2010*                                    1

Defendant No. 2          Name _____ Shield # _____
                         Where Currently Employed _____
                         Address _____
                         _____

Defendant No. 3          Name _____ Shield # _____
                         Where Currently Employed _____
                         Address _____
                         _____

Defendant No. 4          Name _____ Shield # _____
                         Where Currently Employed _____
                         Address _____
                         _____

Defendant No. 5          Name _____ Shield # _____
                         Where Currently Employed _____
                         Address _____
                         _____


## II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.      In what institution did the event rise to your claim(s) occur?

         Sullivan Corr. Fac. and the DOCCS in Albany New York.

         _____

B.      Where in the institution did the events giving rise to your claim(s) occur?

         Facility visiting room.

         _____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

         September 11, 2011, approx. 2:00 P.M.

         _____

         _____

*Rev. 05/2010*                          2

D.   Facts: From on or around March of 2015 until on or around January of 2016, my wife Mss. Colleen King and I have been

| What happened to you |
|---|

discriminated against out of retaliation by Ms. Cheryl Morris director of the DOCCS family reunion program, because of the plaintiff having a pending law suit against Ms. Morris's co-workers and colleagues, that causes Ms. Morris to continuously

| Who did what |
|---|

and systematically, partially and biasly denying my wife and I application to participate in the facility family reunion program. Please see my complaints, grievances, appeals and

| Was anyone else involved |
|---|

letters attached hereto as my pleadings as Exhibit-B. In discriminating against my wife and I, Ms. Morris distort the truth, then used this distorted information in a bias and partial way in order to justifying her denying my wife and I application to participate in the facility family reunion program.

| Who else saw what happened? |
|---|

Mr. Jeff McKoy, Deputy Commissioner of Programs in Albany, New York saw what happen, because plaintiff and his wife brought all the above and attached information to his attention.

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I suffer mental and physiological breakdowns, distress and suffering that requires counseling, I also suffered irregular heart beats, that requires me to be placed on heart monitor equipment.

## IV.   Exhaustion of Administrative Remedies:

The Prisoners Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires that"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted". Administrative remedies are also known as grievance procedures.

A.   Did you claim(s) arise while you were confined in a jail, prison, or other correctional facility? Yes X___   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
Sullivan Correctional Facility

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes **x**    No _____   Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No **x**   Do Not Know _____
If YES, which claim(s)? none

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes **x**    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
at the Sullivan Facility grievance office

1.    Which claim(s) in this complaint did you grieve? all the above issues

2.    What was the results, if any? nothing was done to correct the wrongs

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. appeal to the facility superintendent, then appeal the superintendent's denial to Albany C.O.R.C.

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____
I did file my grievance.

2.    If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any: _I did file my grievance._

_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _I also filed several complaints to the DOCCS commissioner, Mr. Annucci, and Deputy Commissioner Mr. McKoy._

_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount. _I be paid one million dollars for all the discriminating acts issued out against me by Ms. Morris, that causes me to suffer mental and physiological breakdown, mental distress, and that she change her partial and bias decision to deny my (FRP) application, and that the discrimination against me and my wife be stop, and that my wife and I be allow to participate in the (FRP) at this and every facility that offer the program. and injunctive relief that all this discrimination against my wife and I be stop, that all stemmed out of retaliation of me having filed law suit against Ms. Horris co-workers and colleagues, and that just as other inmates with similar offences as mines is allow to partake in the (FRP) I should also be allowed to partake, this is clearly discrimination. If inmates with police murder is allowed, why cant I?._

**VI.    Previous Lawsuits:**

| On these claims |
|---|

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _X_ No ___

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff Eric Tolliver

Defendant's Skinner, et al.,

    2.    Court (if federal court, name the district; if state court, name the county)
        Southern District of New York

    3.    Docket or Index number 12 Civ. 971 (DAB)(KNF)

    4.    Name of Judge assigned to your case Magistrate  Judge, Kevin Fox

    5.    Approximate date of filing lawsuit on or about 2012

    6.    Is the case still pending?  Yes _x_  No _____

        If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) still pending.

On other claims

C..    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

    Yes _____  No _x___

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendant's _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes ____  No _____

        If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 10 day of February , 20 16 .

Signature of Plaintiff

Inmate Number        94-B-1563

Institution Address     Sullivan Corr. Fac.

325 Riverside Drive

P.O.Box 116

Fallsburg, N.Y. 12733

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
their inmate numbers and address.

I declare under penalty of perjury that on this 10 day of February , 20 16 , I am delivering this
complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the
Southern District of New York.

Signature of Plaintiff:

*Rev. 05/2010*                                     7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eric Tolliver
_____

*(In the space above, enter the full name(s) of the plaintiff(s/petitioners).)*

12  **Civ.** 971   DAB  KNF
( )( )

**REQUEST TO PROCEED**
*IN FORMA PAUPERIS*

-against-

Director Cheryl Morris
_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*


I, Eric Tolliver _____, *(print or type your name)* am the plaintiff/petitioner in the above-entitled case and I hereby request to proceed in *forma pauperis* and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore, and I believe I am entitled to redress.


1.  If you are presently employed:
    a) give the name and address of your employer
    b) state the amount of your earnings per month
    Sullivan Corr. Fac. Law Libruary,
    _____

    16-Dollars per month
    _____


2.  If you are NOT PRESENTLY EMPLOYED:
    a) state the date of start and termination of your last employment
    b) state your earnings per month
    **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

    I am employed and I earn 16-dollars per month.
    _____


3.  Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.
    No
    _____

    a) Are you receiving any public benefits?      ☒ No.      ☐ Yes, $_____.

    b) Do you receive any income from any other source?   ☒ No.      ☐ Yes, $_____.

4.   Do you have any money, including any money in a checking or savings account? If so, how much?

☒ No.        ☐ Yes, $_____.

5.   Do you own any apartment, house, or building, stock, bonds, automobiles or other property?
     If the answer is yes, describe the property and state its approximate value.

☒ No.        ☐ Yes, $_____.

6.   Do you pay for rent or for a mortgage? If so, how much each month?

☒ No.        ☐ Yes, $_____.

7.   List the person(s) that you pay money to support and the amount you pay each month.

_____NONE_____

_____

8.   State any special financial circumstances, which the Court should consider.

_____NONE_____

_____

_____


I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __10__ day of __February__, __2016__.
          *date*             *month*        *year*

_____
                      *Signature*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# PRISONER AUTHORIZATION

Case Name:  Eric Tolluiver                        v. C.O. J. Skinner, et al.,
            *(Enter the full name of the plaintiff(s).)*        *(Enter the full name of the defendant(s))*

Docket No:  No. 12___ Civ. 971___ (DAB) (KNF)
            *(Enter the docket number, if available; if filing this with your complaint, you will not have a docket number.)*

The Prison Litigation Reform Act ("PLRA" or "ACT") amended the *in forma pauperis* statute (28 U.S.C. §1915) and applies to your case. Under the PLRA, you are required to pay the full filing fee when bringing a civil action if you are currently incarcerated or detained in any facility. If you do not have sufficient funds in your prison account at the time your action is filed, the Court must assess and collect payments until the entire filing fee of $350.00 has been paid, no matter what the outcome of the action.

## SIGN AND DATE THE FOLLOWING AUTHORIZATION:

I, Eric Tolliver_____ (*print or type your name*), request and authorize the agency holding me in custody to send to the Clerk of the United States District Court for the Southern District of New York, or, of this matter is transferred to another district court, to the Clerk of the transferee court, a certified copy of my prison account statement for the past six months. I further request and authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. §1915 (b), to deduct those amounts from my prison trust fund account (or institutional equivalent), and to disburse those amounts to the United States District Court for the Southern District of New York. This authorization shall apply to any agency into whose custody I may be transferred, and to any other district court to which my case may be transferred and by which my poor person application may be decided.

I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350.00 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT **EVEN IF MY CASE IS DISMISSED OR EVEN IF I VOLUNTARILY WITHDRAW THE CASE.**

February **10**, 2016
*Date Signed*

_____
*Signature of Plaintiff*

94-B-1563
*Prisoner I.D. Number*

Sullivan Corr. Fac.
*Name f current facility*

*rev. 01/11*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Eric Tolliver
                        ,
                        Plaintiff,

                                                    **AFFIRMATION OF SERVICE**

        Vs.

C.O. J. Skinner, et al.,                        12  Civ.  971(DAB)(KNF)

                        Defendant
-------------------------------------------------------------------X

    I, Eric Tolliver            , declare under penalty of perjury that I have served a copy of

the attached Notice of Motion for Leave to Supplement and Extension of
        time to serve the remaining defendant and affirmation in
    support of notice of motion, and affirmation of service upon:

whose address is: The Office of the Attorney General, 120 Broadway,
New York, New York 10271-0332

Dated: February, 2016
        New York, New York

                                E. Tr
                                Signature
                                Eric Tolliver, Pro Se
                                Address
                                Sullivan Corr. Fac.

                                325 riverside Drive

                                P.O.Box 116

                                Fallsburg, N.Y. 12733

Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


Dated: July 8 2015


Hon: Anthony J. Annucci
Acting Commissioner
Department of Corrections
and Community Supervision
The Harriman State Campus-Building # 2
1220 Washington Avenue
Albany, New York 12226-2050


RE: Family Reunion Program Application

Dear Hon. Commissioner Annucci:

   Very good day to you. I am writing this letter to you as my complaint concerning the systematic denial of my (FRP) application to allow my wife and I to participate in the program.

   This systematic and cohesive denials are been done out of retaliation; due to the fact that for the past (4) years I have been litigating a Civil case against the following persons: (1) former Superintendent Patrick Griffin, who is now working in the Albany Office; (2) Director of SHU Mr. Albert Prack; (3) Acting Director of SHU Vennetozzi; (4) D.S.A. Lynn Lilley; (5) D.S.P. Malin; (6) D.S.S. Coveny; (7) LT. Levac; case name and number: Tolliver V. Skinner, et, al. # 12-CV-971 (DAB)(KNF).

### Procedural History

   In June of 2006 while incarcerated at Shawungunk Correctional Facility, I was issued a misbehavior report for having my kid's mother visit me on the family reunion as my wife when we was not married; because of this violation, I was given (90) days SHU time,

and was suspended from participating in the program for (one year).

After this suspension was over, I successfully re-apply and was approved to participate in the program once again; even thou I ended up canceling the family reunion visit due to the fact that my then wife and I decide to call it quit.

I got re-married to my present wife in August of 2014, I was told that I would have to wait (6) months before applying to participate in the (FRP); after waiting the appropriate time and apply to participate in the program; after around (3) months I receive a decision from the Director of Ministerial Service, denying my application, and the reason given was that; because of the misbehavior report I receive in (2006) I am not allowed to participate in the program.(See, my letter of appeal attached herein as my Exhibit).

As can be seen, this misbehavior report that was use to deny my application was issued over (9) years ago, and since then, I have not gotten any major misbehavior report; in my (22) years of being incarcerated I have not, and have never used any form of (DRUGS), (Weapons) or (Alcohol); I have successfully completed every required facility needs-programs, including getting my (GED) and have achieved my (LEGAL RESEARCHED CERTIFICATE). I have never gotten into a fight or was I ever apart of any gangs; my institutional records will show this.

Now, after appealing this denial in December of 2014, right before (3) months of the date of my appeal, I was falsely accused and sat-up out of retaliation by a C.O. by the name of Franky, who claimed that a SGT. had send him to my cell while I was at my facility program to conduct a cell search, and during the search he

found (2) battles with beverage smelling like fermented juice. ("all I had in my battles was Sorrel Juice that I have receive through the Facility Package Room").

I was issued a misbehavior report charging me with having fermented beverage in my cell. Without even given the hearing officer a chance to view the evidence; both the officer who wrote the report against me and the SGT. decided to throw away both the battles and the beverage; yet still, I was found guilty at the hearing and given a sanction of (19) days keep-lock.

Now, after waiting (3) months for my appeal to the (FRP), the very day after my tier-2 unjustly affirmed, I receive a decision from the Director of the Ministerial, Family and Volunteer Services, Ms, Cheryl Morris, stating that; because of the recent served (19) days of confinement, she is not inclined to render a favorable decision, therefore, my appeal is denied. (See, letter of denial attached herein as an Exhibit).

Now, according to Directive #4500, I needed to wait another (2) months after my confinement is finish before re-aply. I did this, and on or around May 8, 2015, I submitted another application for my wife and I to participate in the (FRP), it have been over (2) months now since re-aplying and still my wife and I have not been given an answer to our application. Because of the pattern of retaliating against me in the past, every day I am looking forward to be falsely accused or sat up out of retaliation and issued a misbehavior report so that the (FRP) Director could have a reason to deny my application as what was done prior. (enclosed is a copy of my Grievance filed prior to the (19) days sanction at the tier-2 hearing).

Therefore, please I am asking the Honorable Annucci, to order that an investigation be conducted in this matter, and that type of a systematic denial be stop against me, and please help my wife and I to partake in the Family Reunion Program, in order to maintain our strong family ties. Because of this systematic denial, my wife is now getting frustrated, which I do believe is going to coast us our relationship.

Thanks very much for your time in this very important matter Mr. Annucci, may GOD continues to keep you and your family safe, have a bless day.

Very Truly Yours

Eric Tolliver

cc. file
    assemblyman O'Donnell
    attorney general's office
    judge Fox's chambers
    FRP Director

Eric Tolliver #94B1563
Sullivan C.F.
DS-212
February 25th, 2015

# Grievance Complaint

**Complaint:** On 2/19/15, grievant was issued a false misbehavior report charging him with possession of an alcoholic beverage (113.13). It is now clear to the grievant that all this is been done out of retaliation of the grievant having law suits pending against most of the officials of this facility. It is documented that that grievant does **not** smoke, drink, any gang member; Therefore why would grievant have any kind of alcoholic beverage in his cell? The officer who was sent to search my cell and also took both bottles of my sorrel juice from my cell, was not assigned to this block. And why my cell was not searched in my presence? And why did the officer throw away my sorrel juice before it could be tested? And why my cell was not searched by any of the [2-officers] who work the block that day? These actions are being done to (1) stop me from being able to properly litigate my cases as a law clerk in the law library: (2) to take away my visit with my wife, and stop us from participate in the [family reunion program]; my FRP application is pending in Albany. This is the [second false report filed against me since transferring back to this facility]; the first one got dismissed after putting me through hell. To further prove that this report is false and done out of retaliation; (1) Grievant was ordered keep lock the day of the search, when you have inmates running around the facility with pending tier-3 for durty urine. (2) The department have [7-days] in which to start my hearing because I am keeplock; These people intentionally waited until the last day to call me , then chose to call me at 3:00pm knowing that all the officer shif had

1

finish therefore would not be available; and this is what was said to me by the hearing officer, therefore, the hearing will have to put off another day.

Both hearing officer Lt. Jordan and Sgt. Bunce, worked the next day which would be the above date, 2/25/15, yet I was not called for my hearing, Why? To further prove this is all retaliation, it is well documented that there is a conflict of interest between grievant and Lt. Jordan, where this said Lt. Jordan had conducted two or three prior hearings, and at all was found guilty, even when there was no evidence of guilt, with Lt. Jordan stating he don't believe in finding a inmate not guilty, and ended up giving grievant (5) days keeplock instead of finding grievant not guilty. Grievant has also filed grievance against this said Lt. Jordan, stating facts and calling this Lt. Jordan a lyered. Therefore, it is clear that I would not be able  to get a fait hearing because of these conflicts between us, yet, this Lt. Jordan was now appointed to conduct my hearing; what you think the out come is going to be?

## Action requested

This Lt. Jordan be recused from holding this hearing because of the conflicts between us, and that this false report against me be dismiss and I be return to my prior status as a law library clerk; and that these retaliations be stopped.

Yours truly.

Eric Tolliver

CC:   File
      Albany I.G. office
      My attorney
      Superintendant

2

Toilver, E. 94B1563
DS-212

| | | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|---|
| NEW YORK STATE | Corrections and Community Supervision | SUL-21585-15 | I/49 | 2/23/2015 |
| | | Associated Cases | | Hearing Date |
| | | SUL-21597-15 | | 5/13/2015 |
| ANDREW M. CUOMO Governor | ANTHONY J. ANNUCCI Acting Commissioner | Facility Sullivan Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | | Title of Grievance Retaliation & Return Confiscated Items | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted in part.

CORC notes that the grievant's cell was searched by CO F... on 2/18/15 as random and authorized by the DSS. CORC asserts that there is no requirement for an inmate to be present during a cell search, and that all of the items confiscated from the grievant's cell were listed on the contraband receipt issued to him. It is noted that he was given a Tier II MBR for alcohol, contraband and altered items, and the confiscated items were destroyed as outlined in Directive #4910A. Lt. J... conducted the disciplinary hearing and states that it was conducted in accordance with 7 NYCRR, Chapter V. It is noted that CO F... is no longer employed by DOCCS and is unable to provide a statement. It is further noted that Acting Capt. H... addressed the grievant's cell search, contraband and disciplinary concerns when he interviewed him on 3/5/15.

CORC notes that searches are a necessary part of correctional security activity and are designed to promote the safety of all concerned by interception of contraband and by deterring inmates from possessing contraband. CORC upholds the discretion of the facility administration to determine the need to confine an inmate for security reasons, and also to assign staff to search cells and conduct disciplinary hearings. CORC asserts that the employees' appropriate performance of their duties and enforcement of the rules and regulations should not be construed as harassment or retaliation by the grievant.

CORC notes that the grievant has filed three grievances in 2015, to date, and he should address grievance matters to the IGP Supervisor. Further, CORC notes that the grievant may write to whomever he wishes regarding this complaint as long as they are not on his Negative Correspondence and Telephone List.

With respect to the grievant's appeal, his disciplinary disposition was affirmed by DSS B... on 3/11/15 and CORC finds insufficient evidence of malfeasance or retaliation by staff.

SLE/

-------------------------------------------------------------------------------------------------

-------------------------------------------------------------------------------------------------

**Eric Tolliver #94B1563**
Sullivan C.F. P.O. Box-116
Fallsburg, N.Y. 12733
DS-212

**IGRC**
Sullivan Correctional Facility
P.O. Box-116
Fallsburg, N.Y. 12733                                   1/11/16

<u>**Complaint:**</u>

    I am being discriminated against systemically out of retaliation of me having Civil Cases pending against several high ranking officials from this said facility, and because of this, I am now suffering extreme paranoia, hyper vigilance, and post traumatic stress disorder. Every time I hear the gates open or keys shaking, I believe in my heart that the officers are coming to hand-cuff me and take me to SHU for setting me up with drugs or a weapon.

    As proof that I am being systematically discriminated against I am always over charged for the most minor infractions, that where others who have been infracted for the same offense merely get reprimanded and not even keeplocked, but I am always immediately keeplocked, compared to other prisoners with much more serious offenses than mine being allowed to walk around while the infraction is pending.

    DOCCS own directive and Chapter V, clearly states that, a inmate must only be ordered keeplocked after reviewing the misbehavior report and determining the seriousness of the offense and as to whether it threatens the safety, and security of the facilty.

    On 1/6/16 I put down on the 5pm go-around "in-house" first period and west yard second period. I got on the in-house block phone at around 6:45pm and got off around 7:15pm because I was waiting to take a block shower. Which start at 7:00pm. I got in the shower around 7:20pm, shaved my head with a state issued razor, got out of the shower around 7:50pm and out of habit I get dressed in the shower out of respect and to avoid any problems because female officers work the block a lot and my paranoia of being snatched away by correctional staff, so I will never be caught exposed, and in haste I placed my shaving razor in my pocket, walked to my cell, waiting for it to be opened at the 8:00pm option, along with the prisoners of 211 cell and 214 cell who got out of the shower at the same time as I did. We all stood in place in front of our cells until 8:15pm when the console officers opened the cells and at the same time he called second yard run, and being afraid of being written up for out of place if I didn't make the yard, and rushing, I put all of my clothes, towel, wash clothe, soap, soap dish, bucket, shower shoes, and grabbed my hat, gloves, scarf, jacket, socks, a extra sweat shirt because of the inclement weather, and boots with another pair of .sweatpants I put on over the ones I had on, without remembering that I still had my shaving razor in my pocket. Even in my rush, I was the last and only person in the hallway going up to the north complex, and upon reaching the metal detector, I started taking everything out of my pockets, hat, phonebook, and in feeling something in my other sweatpants pocket, under the ones I had just placed on, I felt my shaving razor, I immediately told the officer at the metal detector "your not

1

going to believe this", The officer then said " what you left your I.D./" I then reached inside of my second sweatpants pocket, pulled out my shaving razor, handed it over to the officer and explained that I had just got out of the shower, and in rushing to make the second yard run, I forgot I had this inside of my second sweatpants pocket. This officer was just going to take me back to the block with a verbal reprimand for this obvious mistake, until another officer came over and state he was going to notify the are sergeant who was about to enter the gym. The sergeant came over and this officer explained the situation, the sergeant then asked the officer still holding the razor, if the razor was altered in any way, or if I tried to walk through the metal detector with it. This officer answered "no, it is not altered, nor did he try to conceal it". The sergeant than asked for my I.D. Card, seen my name, yelled out "Tolliver!" Then stated "oh No! Come with me" "I will escort you back to the block". He then directed the officer to place the razor in the evidence locker. On the way to the block, I asked the Sgt if he was going to keeplock me? The sergeant said "I understand it was a mistake but you have to pay I will let the Lt. Know at the hearing". I was placed on keeplock, and two officers searched my cell that night.

I thought I was only going to be keep-locked for that night and let off the next day, but this did not happen, and on 1/8/16, I was issued a Keep-lock Tier-II ticket over-charging me with (1) **113.22- PROPERTY IN UNAUTHORIZED AREA**, and (2) **114.10- SMUGGLING** When it is clearly noted that, for a person to be charged or found guilty of **smuggling**, this person have to ***INTENTIONALLY*** "TRYING TO AVOID OR AVOID DETECTION, KNOWING THAT WHAT HE OR /SHE IS DOING, IS UNLAWFUL OR ONAUTHORIZED." Therefore, the question I am asking is (1). Why am I being over-charged every time for some minor violation? (2). Why am I always ordered keeplocked no matter how minor the violation is. When you have other inmates with more serious violation being given walking misbehavior reports pending the out come of their hearing? (3) Do I always poses a threat to the order and safety of this facility no matter how minor the violation is? And (4). Why was I given a Tier II for a "non-intentional mistake when it should be a Tier I Violation?

**ACTION REQUESTED:**

That all these systematically efforts of discrimination that is being issued out towards me, in order to try to destroy my family ties and cause me pain, out of retaliation against me for having a pending Law-Suits against high Officials from this facility. This discrimination must stop, and that this misbehavior report against me be dismissed or alternatively be properly tiered to a tier -1 violation as it should have been in the first place and the charge of smuggling be dismissed from the ticket, and that I don't be retaliated against for filing this grievance.

Yours truly,

CC; File
    I.G.
    Judge Fox
    Superintendent
    Attorney Walters
    Commissioner Annucci

Eric Tolliver

2

FORM 2131E (9/12)      STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

| | Grievance No. |
|---|---|
| | 8UH/22027/15 |

_Sullivan_ _____ CORRECTIONAL FACILITY

Date: _____

Name: _Tolliver, E._ _____   Dept. No.: _94A1563_ Housing Unit: _DS-212_

Program: _____ AM _____ PM

*(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) _____

_____

_____

_____

_____

_____

Grievant
Signature: _____

Grievance Clerk: _____  Date: _8/12/15_

Advisor Requested    ☐ YES   ☐ NO    Who: _____

Action requested by inmate: _____

_____

_____

The Grievance has been formally resolved as follows:

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____  Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
\* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

# EXHIBIT B

Mr. Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


Dated: January 27, 2016


Mr. Jeff McKoy
Deputy Commissioner of Programs
Department of Corrections
& Community Supervision
the Harriman State Campus-Building 2
1220 Washington Avenue
Albany, New York 12226-2050


RE: <u>RECONSIDERATION OF DENIAL OF (FRP) APPEAL</u>

Dear Mr. McKoy:

Very good day to you. I am writing this letter of reconsideration to you with a heavy heart because of the unjustly and discriminatory review conducted by Ms. Cheryl Morris against my wife and I.

As proof that Ms. Morris evaluation and review of my (FRP) application and appeal was done in a partial and bias way, and also out of retaliation of me having filed law suits against some of her colleagues, which to her justifies her discriminatory/arbitrary and capricious acts against my wife and I. Please allow me to demonstrate: (1), Directive-4500 which governs the FRP and which Ms. Morris must follow when evaluating and reviewing inmates applications, clearly states that, when evaluating and reviewing the inmate application, Ms. Morris must base her decision on whether or not the inmate had taken and completed the appropriate or recommended programs addressing the crime or crimes he or she is currently in prison for. Which in my case (ART) Aggression Replacement Training which I have already completed.

(1) of (5)

Ms. Morris had took it upon herself to disregard the Directive and used against me, both un-charged crimes and crimes that I am not in prison for as justification for her denying my wife and I application and appeal. Specifically, with the misdemeanor charge Ms. Morris partially used against me, Ms. Morris is fully aware of the complete circumstances surround this incident, that I was falsely accused, and was commended for returning this young lady to her parent un-armed and without having sex with her, yet still, Ms. Morris been bias, leave all this information out. (See, Ms. Morris letter denying my appeal attached hereto as **Exhibit-A**.

(2)   Ms. Morris is **permanently restricting** my wife and I from participating in the (FRP) Family Reunion Program when her Directive-4500 Sec. (B) **Disqualifying Conditions**: Sub. Sec. 9, clearly states that, the only time a participant could be permanently restricted from the program is "if it is determined that a visitor commits or attempts to commit to introduce the following contraband into a correctional facility." The Directive then went on to cite a list of things none of which my family and I have ever been sanction for.

(3)   Directive 4500 Sec. (C). **Special Review/Inmate**: Clearly stated when a inmate's application should be subjected to a special review by Central Office Staff instead of a FULL CYCLE REVIEW. It then states:"A special review will be conducted by central office staff that will include consideration of the specifics of the crime, the age of the inmate at the time of the offense, progress in programs, custodial adjustment, victim impact, and the entire case record to determine eligibility." The Directive then went on to cite a list of things none of which I am in prison for, yet still, Ms. Morris had took it upon

herself to switch my application/appeal from its original and appropriate assign review status which was (A FULL CYCLE REVIEW) to according to her letter of denial, a status that does not apply to me which was (A SPECIAL REVIEW STATUS); why now, when in my (23-years) of been incarcerated and have being participating in the (FRP) since (1995), I have never been recommended to or subjected to a special review.

(4)  According to Directive 4500 Sec. (E) para.3, it states:"If the appeal is denied, the notice will inform the inmate as to his or her ability to reapply." Yet, Ms. Morris did not state any such thing in her letter of denial on my ability to reapply.

(5)  Ms. Morris clearly understand that my current wife last name prior to us getting married was (Graves) but, after my wife and I got married, she changes her last name to mines which is (King), yet still, Ms. Morris is playing ignorances to this fact, and partially, arbitrary and capriciously indicated in her letter of denial that my wife who had changes her last name from Graves to King is not the same person, this is clearly evil. (See, also the receipt for my FRP applications, all stated (FULL CYCLE REVIEW) herein attached at **Exhibit-B.**

(6)  Ms. Horris is clearly being bias and partial against my wife and I, when she use my prior FRP violation that accrue almost (10-years) ago, when I have more that clearly paid for my wrong, in justifying her denying my wife and I appeal and application which is wrong. Ms. Morris again partially talk about how I decided to have Ms. Wisdom impersonate my wife Ms. Samuels in order to gained access to the FRP in Shawangunk Facility, but what Ms. Morris partially leave out is the fact that, while I was in the facility SHU, I was visited by the I.G. Officials,

and it was agreed upon between the Officials and I that, if I honestly explained the complete situation surround the FRP visit with Ms. Wisdom, my FRP visit privileges will be restored and I will be allowed to participate in the program, and I did explain everything to the I.G. Officials to their satisfaction. Ms. Morris leave all of this information out intentionally, so as to make me out to be a monster. By Ms. Morris being biassed and partial, plus, discriminating against my wife and I, she is violating our protected right in our personal decision intimately involving marital and familial relations, and also to be free from governmental interference. (See, Board of Pardons V. Allen, 482 U.S. 369, 107 S.Ct. 2415; Cromwell V. Coughlin, 773 F.Supp. 606; Cohn V. New Paltz Cent. School Dist, 171 Fed. Appx. 877.

(7) Again, concerning the FRP violation that took place in Green Haven Corr. Fac. back in 2005, Ms. Morris again, biasly and partially stated a one sided account of what had actually accrued, when she know full well that all that happen was an inadvertence on my wife behalf, because she did not know she could not take back some of the photos with her before the officer inspected them, and as soon as the officer and I notice what had happen, I asked the officer to go and retrieve them from my wife because she was about to visit me on the regular visit; to which the officer declined and decided to write me a ticket. (Also enclosed for your review and consideration is a copy of my grievance and FRP appeal against and to Ms. Morris as Exhibit-C).

Mr. McKoy, for all the above reasons and more, I pray that you will personally reconsider my appeal denial, and see that I have done what needed to be done in order to be qualify for this Family Reunion

Program, and reversed this decision by Ms. Morris, because, her doing is totally destroying my wife and I relationship.

Thanks for your time in this matter, I patiently awaits your response, GOD bless you.

Very Truly Yours

CC.File
    I.G. Office Albany
    Assemblyman Daniel J. O'Donnell
    Senator Valmenette Montgomery
    Anthony J Annucci Acting Commissioner



NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

January 20, 2016

Mr. Eric Tolliver
94B1563
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY 12733

Dear Mr. Tolliver:

I have completed my review of your appeal of the denial of your Family Reunion Program (FRP) application. Our records indicate that your application was subject to a special review to determine eligibility for the program. I am not inclined to render a favorable decision to your appeal for the following reasons:

Department records indicate that during the commission of your instant offenses of Murder 2nd, Criminal Possession of a Weapon 2nd, Attempted Murder 2nd, Criminal Possession of a Weapon 2nd, on September 13, 1993 you shot a male victim in the chest, at point blank range, in front of a fourteen year old boy. On November 22, 1993, you caused the death of a male victim by shooting him several times with a 9 millimeter handgun. Following this incident you left the area and returned to your home in New York City where you were eventually arrested on December 30, 1993. During the investigation and interview process, you stated that your main function in the trafficking of illegal drugs was to deliver the drugs to the Syracuse area. A previous arrest of June 9, 1993 by Syracuse City Police was a result of your involvement of an incident that occurred on May 23, 1993 whereby you and a friend picked up two girls that were hitchhiking a ride to Syracuse, took them to your apartment, where you engaged in sexual intercourse with a victim, who later reported the incident to the police. The victim at the time was fourteen years old. Reports submitted by the victim at first stated she said no to your advances, but later agreed to the intercourse. You were convicted of Sexual Misconduct.

Records indicate that an anti-aggression program re-assessment recently occurred due to a regression based upon a Tier 3 Sex Offense on September 11, 2011. This offense occurred in the visit room yard with your then fiancé, Kayan Grant. You received a 180 days of keep lock, loss of packages, commissary, phone and 90 days loss of contact visitation for Creating a Disturbance and Sexual Offense. Ms. Grant is also known as Kayan Grant-Beckles.

Records indicate you participated in FRP during 1995 – 1996 (2 visits) with a female, Yolanda Turman, listed as a spouse. Ms. Turman's visit records indicate she stopped visiting in 1997, with one visit in 2000, 2006, 2008 and 2010. Jacqueline Samuels, also listed as wife, is recorded to have FRP visits in 2003 (2), 2005 (1) and 2006 (1). A matter of concern is the situation surrounding an FRP visit in 2006 which you requested and were approved for an FRP visit with Ms. Samuels; however, the visit occurred with a female who was later determined to be Prudence Wisdom, who registered in visit records as your cousin. Ms. Wisdom falsified documents and presented herself as Ms. Samuels. When this information surfaced, you were asked if the FRP visitor logged was your wife, Jacqueline Samuels, you indicated, "Yes." You received a Tier III misbehavior report <u>False Information and Family Reunion</u> receiving 77 days keep lock, loss of phone and six months loss of visitation.

Mr. Eric Tolliver
94B1563
Sullivan Correctional Facility
Page 2

A January 13, 2005 Tier III for <u>Smuggling, False Information and Family Reunion Program</u> is noted. This incident indicates that upon conclusion of an FRP visit, the officer directed you to show him your twenty photos for review. You indicated that the photos where in the trailer. The officer entered the trailer and you provided only 12 of the 20 photos. When asked where the other 8 photos were, you indicated, "My wife took them." Due to your actions, the eight photos which were smuggled out of the facility were not inspected to determine if they included nude, sexually explicit or containing security areas in the background.

There are no additional FRP visits recorded after 2006. There are two Tier III misbehavior reports (unauthorized call – three way), creating disturbance and sex offense (previously mentioned). Five Tier II misbehavior reports include charges for false information, direct order, movement violation, altered item, and contraband, out of place, alcohol/intox, and property/ unauthorized location.

Records indicate you married Colleen A. Graves (listed on marriage certificate) however, she is listed in visit records as Colleen A. King and began visiting on May 20, 2014. You were married on August 14, 2014.

As an FRP application must be submitted for each proposed visit, ongoing approval or participation is not implied. When considering and balancing information relating to your instant offenses, prior FRP participation, which include assisting a person impersonating a spouse to enter facility under false identification, on another occasion colluding to smuggle out photos taken during an FRP visit, and misbehavior reports which again convey your choices to disregard facility visit and telephone guidelines, thereby compromising the safety and security of the facility, your request to participate in limited supervised visits is denied. You are not considered a suitable candidate for such visits.

You may maintain your relationships using the traditional methods of regular visits, telephone and written communication.

Sincerely,

Cheryl Morris, Director
Ministerial, Family and Volunteer Services

CM:DAC:amc
cc:     Superintendent – Sullivan CF
        DSP – Sullivan CF
        FRP Office – Sullivan CF
        Ministerial, Family and Volunteer Services
        Central Files

## FAMILY REUNION PROGRAM
### Central Office/ Ministerial, Family and Volunteer Services
## APPLICATION/APPEAL NOTICE OF RECEIPT

RECEIVED
SULLIVAN CORR'L FAC.
SUPERINTENDENT'S OFFICE

| LAST Tolliver | FIRST Eric | MI | DIN 2015 JUN -3 AM 10: 49 9 IIS I563 |
|---|---|---|---|
| FACILITY Sullivan | DATE OF APPLICATION/APPEAL 5/8/15 | | LOG #: |

| ☐ APPLICATION | ☐ APPEAL |
|---|---|
| ☑ Full Cycle Review Required | APPLICATION LOG #: |
| ☐ Special Review Required  only | |

Please note: This serves as notice of receipt of the document that is checked above. Applications and appeals are processed in the order received. If a Special Review is required, additional processing time will be required. Due to the confidential nature of these documents, information will only be released to the inmate.

DATE  5/27/15

COPY:  FRP ORC
      APPLICATION/APPEAL



**NEW YORK STATE**

**Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

**TO:**  TOLLIVER, E.          **DIN:** 94B1563          **LOCATION: DS212**

**FROM:**     J. Dewitt, FRP Coordinator

**DATE:**     August 6, 2015

**SUBJECT:**  Full Cycle Review Decision

Please be advised your application dated 5/8/2015 went for a full cycle review and has been denied due to the nature of your instant offense and coupled with your custodial adjustment which includes prior FRP violation. It has been determined that participation within the FRP program may not be suitable for you. You are encouraged to utilize the traditional modes of telephone, letters, and regular visitation to maintain family ties.

## <u>APPEALS PROCESS-FAMILY REUNION PROGRAM DENIALS</u>

If you wish to appeal this denial, you must do so, within ten (10) days of the date of the attached notice of denial.

Appeals should be written in letter form, with a copy of your application, with copies of any relevant documentation and sent to both the facility FRP Coordinator and the Director of MFVS at the address below:

Director
Ministerial, Family and Volunteer Services
State of New York Department of Corrections and Community Supervision
Harriman State Campus, Building #2
1220 Washington Avenue
Albany, New York 12226-2050

*********************************************************************************************************

Si quiere apelar esta rechaz, debe de hacer asi en menos de diez (10) del la fecha del documentacion al igual que una copia de su aplicacion:

Director
Ministerial, Family and Volunteer Services
State of New York Department of Corrections and Community Supervision
Harriman State Campus, Building #2
1220 Washington Avenue
Albany, New York 12226-2050

**FAMILY REUNION PROGRAM**
Central Office/ Ministerial, Family and Volunteer Services
## APPLICATION/APPEAL NOTICE OF RECEIPT

| LAST: Tolliver | FIRST: Eric | MI | DIN 94B1563 |
|---|---|---|---|
| FACILITY Sullivan C.F. | DATE OF APPLICATION/APPEAL 8/8/15 | | LOG #: 15-103 |

| ☐ APPLICATION | ☐ APPEAL |
|---|---|
| ☐ Full Cycle Review Required | APPLICATION LOG #: |
| ☐ Special Review Required | |

Please note: This serves as notice of receipt of the document that is checked above. Applications and appeals are processed in the order received. If a Special Review is required, additional processing time will be required. Due to the confidential nature of these documents, information will only be released to the inmate.

DATE 8/18/15

COPY: FRP ORC Sullivan C.F.
APPLICATION/APPEAL

## FAMILY REUNION PROGRAM
### Central Office/ Ministerial, Family and Volunteer Services
## APPLICATION/APPEAL NOTICE OF RECEIPT

| LAST Tolliver | FIRST Eric | MI | DIN 94B1563 |
|---|---|---|---|
| FACILITY Sullivan | DATE OF APPLICATION/APPEAL 12/12/14 | | LOG #: |

| | | |
|---|---|---|
| ☐ APPLICATION | ☑ APPEAL | |
| ☐ Full Cycle Review Required | APPLICATION LOG #: N/A | |
| ☐ Special Review Required | | |

Please note: This serves as notice of receipt of the document that is checked above. Applications and appeals are processed in the order received. If a Special Review is required, additional processing time will be required. Due to the confidential nature of these documents, information will only be released to the inmate.

_____   DATE 12/12/14

COPY:   FRP ORC
        APPLICATION/APPEAL

Tolliver, Ecic - 94B1563
Sullivan, C.F.

VERK/CA



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

March 12, 2015

Mr. Eric Tolliver
94B1563
Sullivan Correctional Facility
PO Box 116
325 Riverside Drive
Fallsburg, NY  12733

Dear Mr. Tolliver:

I have completed my review of your appeal regarding your application to participate in the Family Reunion Program (FRP).  I am not inclined to render a favorable decision to your request for the following reason:

Your record indicates you recently served 19 days of confinement due to a disciplinary infraction which included Altered Item, Alcohol/Intoxication and Contraband. This office views such behavior not to be tolerated or rewarded.

Please refer to Department Directive #4500, Family Reunion Program, prior to submitting any additional FRP applications in order to determine if you meet the basic eligibility requirements.

You are encouraged to continue using the visiting resources available to you.

Sincerely,

Cheryl Morris, Director
Ministerial, Family and Volunteer Services

CVM:DAC:amc
cc:     Superintendent, Sullivan CF
        DSP, Sullivan CF
        FRP Office, Sullivan CF
        Ministerial, Family and Volunteer Services
        Central Files

8/12/15
21027 (49)

## GRIEVANCE COMPLAINT

Eric Tolliver
94-B-1563
D-S 212 cell

Sullivan Corr. Fac.

Dated: 8/11/15

COMPLAINT: On 8/7/2015, I received my (full Cycle Review Decision for my Family Reunion Program Application) denying my application. This letter of denial dated 8/6/2015. This is the (third) time denying my FRP application since applying back in June of 2014.

Now, I want to point out the fact that all this denials are being done **systematically**, **collectively**, in a **conspired** and **coordinated** effort to **retaliate** against me all because of a Federal Law Suit I have pending against the following Officials: (1), former Superintendent of Sullivan Corr. Fac. Mr. Patrict Griffin who have now been promoted and is now working in the head of Correction in the Albany Office along with Ms. Morris, who is the Director for the (Family Reunion Program); (2), Albert Prack, who is the Director for the SHU program in Albany and who is also a co-worker of Ms. Morris; (3) Mr. Vennittozie, who is the Acting SHU Director in Albany, and who is also a co-worker to Ms. Morris, along with several other high ranking Officials of DOCCS. (See, **cover page of the affirmention law suit herein attach**).

## PROCEDURAL HISTORY

This all begin in or around March of 2008, at the Green Haven Correctional Facility, while I was a prisoner there, I was falsely accused of conspiring with several visitors to smuggle quantities of heroin and marijuana into the facility. After a Superintendent's

(1) of (5)

hearing, I was unjustly found guilty of all the charges and was given (1 & 1/2) one and a half year in the SHU. After completing this SHU time, the Albany Supreme Court reversed the finding of guilt and ordered a new hearing. After the new hearing, I was found not guilty of the affirmention charges, right thereafter, I commenced a Federal law suite against all the Officials who was involved in the unlawful acts against me, I was successful with the law suit and ended up getting a large settlement.

After going through all of the above, I eventually got transfer to this present Facility (Sullivan) in the year 2010. After staying out of trouble and doing the right things I needed to do, in achieving my educational and vocational goals. I did accomplish all this and was schedule to get married to my then fiance Ms. Grant, when on or about September of 2011, I was again retaliated upon by one C.O. Skinner, because of an argument we have had prior to him setting me up on the visit. This officer falsely accuses me of having sex with my fiance on the visit in the outside area of the visit, (4) four other officers was working the visit that day and non of them saw me doing any thing that I was falsely accused of doing by officer Skinner. D.S.A. Lilley, then take it upon himself to unlawfully suspended my contact visit with me and my fiance indefinitely, even thou the DOCCS Directive stated that it was unlawful.

I was then given a Superintendent hearing before D.S.P. Malin, whom take the time out at the beginning of the hearing to explain to me that she and D.S.P. Cunninham, the Official who had conducted the Superintendent hearing against me at Green Haven, and who I had won a Federal law suit against, was one of her best friend. Because of her telling me this, I objected to her holding the hearing against me,

and ask that she recuses herself from the hearing, to which she denied.

At the end of the hearing, I was found guilty of all the charges and given a (6) six-months SHU time. I then brought all the violations that was done against me at the hearing to then Superintendent Patrick Griffin, for him to correct the wrong that was done, he then maliciously affirm D.S.P. Malin's decision and deny my request.

I then thereafter, started a Federal law suit against all the Officials that was involved in these unjust and unlawful acts against me. After completing my SHU time, I was transfer to Five Points Correctional Facility, where said Superintendent hearing against me was reversed by the Albany Supreme Court, and a new hearing was ordered. I was again found guilty at this re-hearing unlawfully and unjustly, in violation of my Due Process and Constitutional Rights. I then initiate a supplemental Federal law suit against all the Officials who was involved in the violations of my re-hearing. Shortly thereafter, I was again transfer back to this Facility (Sullivan) regardless of my protest against being transfer back into an hostile environment, (Sullivan Corr. Fac). I was soon thereafter confronted with numerous cell searches and verbal harassment and eventually was issued false misbehavior report, which ended up being dismiss against me after another correction officer testified on my behalf.

Regardless of all that I was going through, I eventually got married to my fiance Ms. Colleen King, after waiting the required (6) six-months and apply to participate in the Family Reunion Program, I was retaliated against, and a C.O. by the name of Frankie

who was on his way our of the DOCCS employment, was used by his
Supervisors to falsely accuses me of having Alcoholic beverage in my
cell, all this was done in order to prevent me from getting approval
on my (FRP) application, which was due any day. In all of my (22-
years) of been incarcerated I have never been accused of smoking;
drinking; fighting; having any weapon or drugs.

I was then issued a Tier-2 misbehavior report and went before
LT. Jordan for a hearing. This hearing officer found me guilty of all
the false charges and give me (19) days keeplock time served.

How coincidental it was that, before I was issued this false
misbehavior report, I have been waiting for my (Family Reunion
Program) application decision from Albany, now, it so happen that as
soon as I get this ticket and was found guilty and the appeal was
affirmed on March 11, 2015, and on March 12, 2015, Ms. Morris,
Director for the (Family Reunion Progera) in Albany render her
decision denying my application, her reason being, because of the
misbehavior report I recently received. (See, enclosed a copy of Ms.
Morris denial).

After finishing doing the keeplock time, I had was to wait (8)
weeks before re-applying for the FRP, I did this and re-aply. After
waiting (3) three more months for a decision, on August 7, 2015, I
again receive a decision from Ms. Morris, denying yet again my FRP
application, this time her reason given was, because of the **nature of
my instant offense coupled with my custodial adjustment which
includes prior FRP violation.** (See, enclosed a copy of Ms. Morris
decision). (1), I am in prison for (Murder and Attempted Murder),
almost (90%) of the inmates participating in the FRP at this facility
is in prison for (Murder or Attempted Murder). (2), The prior FRP

violation Ms. Morris is using against me to deny my FRP application, had taken place almost (10) years ago. I was given (90) days SHU time for the violation, and (90) days suspension of contact visit with my visitor. At no time did it recommended that my FRP visit be taken away from me or suspended indefinitely, I have more than pay for this violation, and have completed every required programs request of me, my institutional record is excellent, in my (22-years) of being incarcerated, I have never been accused of any **Drugs**; **Weapons**; **Substance abused** or **fights**. Therefore, I know that all this denials are being done out of retaliation because of the Federal law suit I have against the above mention Officials.

**ACTION REQUESTED:** That this **Conspiracy**; **Systematically**; and **Coordinated** effort that is being issued out towards me in **Retaliation** of me having a Federal law suit pending against the above Officials be **STOP**. And that *this* decision to deny my Family Reunion Program application be reversed and get granted, because I am more than qualified to participate in this program according to the FRP Directive # 4500. I am also requesting that a serious investigation be conducted on this matter, because this is a coordinated effort to destroy my family ties.

Dated: <u>August 11, 2015</u>

Yours Truly

*E. T̄*

cc. file
    I.G. Office Albany
    Assemblyman Daniel J. O'Donnell
    Senator Valmenette Montgomery
    Anthony J. Annucci Commissioner

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 22027-15 | | DATE FILED 08/12/2015 |
|---|---|---|---|
| | FACILITY Sullivan CF | | POLICY DESIGNATION I |
| **INMATE GRIEVANCE PROGRAM** **SUPERINTENDENT** | TITLE OF GRIEVANCE Staff conspiracy, retaliation, wants FPR | | CLASS CODE 49 |
| | SUPERINTENDENT'S SIGNATURE | | DATE 10/19/2015 |
| GRIEVANT Tolliver, E | DIN# 94A1563 | | HOUSING UNIT DS-212 |

A decision to grant an FRP visit is in the Providence of Ministerial Services in Albany Governing Directive 4500.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I disagree with This DECISION because as The SUPERINTENDENT
you Do have The Power To SEE To iT ThaT DIRECTIVE 4500
be Followed when Reviewing My F.R.P. Application.

E. Ti

| GRIEVANT'S SIGNATURE | 10/20/15 DATE |
|---|---|
| GRIEVANCE CLERK'S SIGNATURE | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


Dated December 5, 2014


Ministerial, Family and Volunteer Services
State of New York Department of Corrections & Community Supervision
Harriman State Campus, Building #2
1220 Washington Avenue
Albany, New York 12226-2050


<u>RE: FRP APPEAL</u>

Dear Director:

      Very good day to you. I am writing this letter to you as my appeal of my FRP application denial.

First and foremost, I am only appealing one part of the two reasons given for this denial.

(1) I do agree that my sister have not meet the visiting pattern requirement prior to the submission of my application.

(2) As to the second reason given for denying my FRP application that" prior FRP participation has been poor and as such I have been deemed to be an unsuitable candidate for FRP participation".

I am appealing this specific reason given and are totally objecting to and disagreeing with this reason given for banning me from the program.

My reasons for objecting and appealing this denial is as follows: The last infraction given to me for a FRP violation was in June or July of <u>2006</u>, this is way over (8) years ago, it was not (1) year ago, it was not (2) years ago, it was not (3) years ago, it was not (4) years ago, it was not (5) years ago, it was not (6) years

(1)

ago, it was not (7) years ago, it was not (8) years ago, but wasover
(8) years ago, I have more than pay enough for my violation of the
FRP directive; I was only given (90) days SHU for this violation,
and it was never recommended that my FRP participation be suspended
for a year or for the rest of my life as what you are recommending
to do to my family and I.

Every person must be given a **second chance** in life in order to
prove them self that they have in fact learn from their mistake and
have moved on in the positive.

This decision by you to band my family and I from participating
in the FRP for life is very drastic and is also going against the
reason for which this program was implemented in the first place.
The #1 reason this program was implemented was to strengthen family
ties. I have recently gotten married to the woman of my life and to
the woman I planing on spending the rest of my life with, and what
you are saying to me is, that none of this means nothing to you,
because you will not allowed me to spend any time with her,
therefore, she mite as well brake up with me and go her ways,
because, in fact, I do have a life sentence and may ended up
spending the rest of my life in prison.

Ms. or Mr. Director, my wife and family does not deserved this
and are looking forward to spend those two days that are very
special to us with me on the FRP, and you are trying to denied them
and I that, which would in turn destroy our family, all because of a
violation I have committed over (8) years ago and have paid my dues
for it.

Don't just judge me by the few minor mistakes I have committed
in the over (20) years I have been incarcerated, also look at the
things I have accomplished over the years since that violation, I

have completed my (GED) and is now thinking about getting into collage; I have since completed my Legal research curse and receive my Legal certificate in Law and have since work as a law library clerk; in fact, I have completed every facility programs that was required of me.

   Over the twenty something years I have been incarcerated, I have never gotten a ticket for any fighting, any weapons, any drugs, or any serious violations; and to tell you the truth, most of the tickets I have been given over the years, I could have won them on appeal, but due to the fact that during that time of my life I could not read or write, and since then, I have change my life in the positive; even when I was found guilty for the FRP violation, the hearing officer who have gotten the chance to know me in person, only decided to give me (90) days SHU time, because she had taken my complete life style while living in prison in consideration, and over all, she gets to see that I had ment to cause any body any harm, she see that I have just allowed temptation to get the best of me, and in all reality, who can truly said they have not once in their life fall to temptation?

   Therefore, in saying all this to you, I am humbly asking please that you seriously re-consider your decision, and take everything into consideration, and please give my family and I another chance to participate in the FRP, my wife and family surely does not deserve to be punished for something I have done over (8) years ago, she have never gotten the chance to spend any intimate time with her husband, and are surely looking forward to doing that; I can make you this promise, that if you give me another chance, I will never betrayed your trust.

I am sure that you do have a family and loved ones, and can also place yourself in my position, and can say to yourself, every one, no matter race, color or greed, do deserved another chance in life to prove themself.

With that being said, I leave you with these words, may GOD bless both you and your family, and keep you all safe through the up-coming holidays, have a bless day.

Yours Truly

Eric Tolliver, 94-B-1563
Sulklivan Corr. Fac.
Cell Location, D-S-106

cc.file
    FRP-Coordinator at Sullivan

PS. Enclosed is a letter from Assemblyman Mr. Daniel O'Donnell,
to the Hon. Anthony Annucci
Also enclose is a copy of the Courts order proving that I was
out to Court during the time of your denial, and I have just
return after spending two(2) weeks at the Metropolitan
Correctional Ceneter, and I did write to you from there and ask
for an extension of time to appeal said decision, the facility
records would prove this to be a fact. Thanks once more for your
time in this very important matted, GOD bless.

(4)

Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


Dated: July 8, 2015


Ms. Cherly Morris, Director
Ministerial, Family and Volunteer Service
D.O.C.C.S.
The Harriman State Campus
1220 Washington Avenue, Bldg. #2
Albany, New York 12226-2050


RE: (FRP) Application Status Requested

Dear Ms. Morris:

Very good day to you. I pray that you and your family are all in the best of health, and are safe.

Ms. Morris, I am writing this letter to you because of some issues that came up during a meeting of myself and the (FRP) coordinator at my facility. During this meeting, it was told to me by Mr. Dewitt, the FRP coordinator that there is no record on file that I have an FRP application pending in your office in Albany, therefore, it is because of this conversation between Mr. Dewitt and I why I am writing you this letter; trying to find out, how is it that my application is not on file when I have a receipt from Albany stating that my application was received and is under (full cycle review). (See, copy of my receipt attached hereto).

Also of notice Ms. Morris, my receipt notice did not have a LOG # on it; why is that?

Ms. Morris, in February of this year, I was sat-up out of retaliation and issued a false misbehavior report in order to prevent

(1) of (3)

my wife and I from participate in the Family Reunion Program, all because of a pending (Law Suit I have against prior Superintendent Patrick Griffin, Albert Prack and other high officials); I was given (19) days keep-lock, and this keep-lock time was used by you to deny my pending at the time application. (See, copy of your letter of denial attached herein).

Now, in your letter, you informed me that because of the (19) days spend in keep-lock, I would have to wait (2) months after completing the keep-lock time before re-apply, you the refer me to Directive # 4500.

Ms. Morris, as can be seen by my present notice of receipt from your office, I have comply with your demand and request and re-submit a new application on or about (May 8, 2015); therefore, please I would like to know, why is this systematical effort is been made to prevent my wife and I from participating in the D.O.C.C.S. Family Reunion Program when I did all that I needed to be done in order to achieve approval? (See, copy of my grievance concerning this matter herein attach).

Mr. Morris, I have not participated in the (FRP) in almost (10) years, since that time, I have completed every programs that was required of me, I have stay away from trouble, educated myself and is now working in the facility law library as a law clerk, because I have taken the time out to achieve my legal research certificate; therefore, I don't understand, what else is required of me, in order for my family and I to participate in the family reunion program.

In closing Ms. Morris, I pray that you will do the right thing in approving my application, due to the fact that, I am more than qualified to participate in this program. Whit that been said, may

GOD continue to bless you and your family, and may you all be safe.

Have a bless day.

Very Truly Yours

CC. file
    assemblyman Mr. O'Donnell
    acting Commissioner Mr. Annucci
    attorney general's office
    Judge Fox's chambers

(3) of (3)

Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


August 8, 2015


Ms. Cheryl Morris, Director
Ministerial, Family & Volunteer Services
Department of Correction & Community Supervision
Harriman State Campus, Building #2
1220 Washington Avenue
Albany, New York 12226-2050


<u>RE: FRP Appeal</u>

Dear Ms. Morris:

Very good day to you. I am writing this letter to you as my appeal of my FRP application denial dated 5/8/15, denial dated 8/6/15.

First and foremost, I am appealing and is in disagreement with both of your reasons given for your denial of my application.

1. As to your first reason given for denying my FRP application, that, "Due to the nature of your instant offense." Ms. Marris, the charges I am in prison for is consist of (1) one Murder in the Second Degree where I was accused of shooting a person with a gun; (2) two, Attempted Murder in the Second Degree where I was accused of shooting a person with a gun. More than (90%) of the inmates participating in the Family Reunion Program are convicted of Murder or Attempted Murder.

I have participated and completed all of my required programs to address and satisfied the crimes I am incarcerated for, which, in my case, I was required to take and complete my (ART) program for

(1) of (5)

aggression/violence. I have completed this required program almost (20-years) ago, and have **not** or have **never regress**, regardless of all the things I have been through in the (22-years) of my incarceration.

Ms. Morris, with all due respect, I could give you a long list of inmates who are currently participating in the FRP at this said Sullivan Correctional Facility, whom all are either charge with (killing police officer); (killing several people); or just as what I am charge for (murder).

Ms. Morris, this FRP was design for inmates who are doing lengthily prison sentence, or life sentence just like I am doing. (See, DOC Directive 4500 (3) (B) under <u>Disqualifying Conditions</u>: Furthermore, I did not or does not falls under Directive 4500 (3) (C) <u>Special Review/Inmate:</u> I am not convicted of an <u>Heinous Crime, a Sexual offence or a Sexually motivated felony, or any offense where behavior of a sexual nature occurred during the commission of the crime</u>; I have not or ever been convicted of committed any crime or crimes against an <u>Elderly person, family members or a child</u>; in short, I have never or have not been convicted of any of the crimes highlighted under Section (C) of Directive 4500-<u>Special Review Inmate</u>.

Therefore, you using this reason in denying my FRP application is out of place and is not in compliance with Directive 4500. And for these reasons, this decision should be respectfully reversed and my application granted.

2. Ms. Morris, your second reason given for denying my FRP application was: "Your custodial adjustment which includes prior FRP violation." Ms. Morris, I respectfully disagree with this reason given by you for denying my application, and is going to quote and

submit the same argument I have submitted to you when you first used this same reason to deny my first application submitted to you back in June of 2014.

My appeal from that denial dated December 5, 2014, stated: "The last infraction given to me for a FRP violation was in June or July of the year 2006, this infraction is now almost 10-Years old, and at the time of this said infraction I was only given (90-days) SHU time, and (90-days) suspension of contact visit with the person I was accused of violating the FRP directive with. At no time was it ever recommended that my FRP participation be suspended for a year or for the rest of my life as what you are currently recommending to be done to my family and I.

According to the DOCCS Directive #4500, Section 2. under Adjustment: "The inmate has exhibited a pattern of good institutional adjustment and has not recently had any major disciplinary problems or severe disciplinary problems". Section (a) then went on to state: "Major disciplinary problem: Shall be defined as any Tier II or Tier III disciplinary proceeding, in the eight weeks prior to the application, resulting in confinement to cell, room or dorm continuously, on certain days or during certain hours, for longer than 14 days; or any loss of good time. Satisfactory behavior must be maintained throughout the duration of application processing and the visit. Reapplication can be made eight weeks from the confinement release date, or date of misbehavior report if loss of good time in the only sanction imposed.

Section (b) then defined Chronic disciplinary problems as follows: "Shall be defined as three or more Tier-II or Tier-III disciplinary proceedings in the six-months prior to the application imposing any term of keeplock/Shu, any loss of privileges, or any

loss of good time.

Section (c) then went on to defined **Severe** disciplinary problems as follows: "Shall be defined as one that includes a Tier II or Tier III disciplinary report which includes: (1) A conviction for a Federal of State crime while incarcerated; (2) A Penal Law offence; (3) Rioting; (4) Escape; (5) Use or possession of drugs or alcohol during the FRP; or Unauthorized group activities."

Ms. Morris, I would like for you to point out to me, in which one of these mention category do I fall? In all my (22-years) of being incarcerated, I have never been a **(Major violator)**; a **Severe violator**; or a **Chronic violator**. Therefore, when you quoted in your decision to deny my application that, "my custodial adjustment" what is it you are talking about?

Ms. Morris, as I have stated to you before, and every thing that I have accomplished while been incarcerated is on file in Albany for you to see, I have completed and have achieved all of my **Educational requirements**; all of my **Vocational requirements**; I have even went as far as completed and achieved my **Legal research Certificate**. I have never in my whole incarceration been charge for any **Weapons**; **Drugs**; **Fights** or any **Substance abused**. I could be considered a model prisoner. Therefore, I cannot and do not understand why are you using these reasons to deny my application when they do not and does nor apply to me. Going by your DOCCS Directive 4500, I am more than qualified for this program. Therefore, this got to be personal, else why am I been denied for no valid reason?

Ms. Morris, I also want you to know that I am not naive of the fact that I do have a major law-suit pending against your Supervisors and co-workers. To be more direct, I am talking about (1) Director of

(4) of (5)

SHU Mr. Albert Prack; (2) Acting Director of SHU Mr. Vennitozzi; (3) Former Superintendent of Sullivan Correctional Facility Mr. Patrick Griffin, who have since been promoted and is now working alongside you in Albany; and I am more than sure that these mention individuals do have an influence in you rendering your decision on my FRP application.

In closing Ms. Morris, I pray that you will follow your FRP Directive #4500, and do the right thing, which is to help inmates who are doing life sentences and lengthily prison term and are qualified for this program to successfully partake in this blessed program in order to strengthen family's relationships; therefore, I am praying that you will have it in your heart to reversed your denial of my application, because I am more than qualified for this program. I also pray that you will have it in your heart to see and know that in fact; there is a true and living <u>GOD</u> who sees and knows all things, and will give every person their due reward for their deeds.

With all this been said, I pray GOD continues to bless you and your family, and keep both you and your family safe, and place it in your heart to do the right thing towards my family and I. Have a bless day.

Yours Truly

cc. file
   FRP coordinator Mr. Dewitt
   assemblyman Daniel J. O'Donnell
   Senator Valmenette Montgomery

(5) of (5)

FR: Mr. Eric Tolliver, 94-B-1563

Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733

SULLIVAN CORR. FAC.



TO: The Pro Se Office Clerk
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 230
New York, New York 10007