UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC TOLLIVER,                                          :

                     Plaintiff,       :

            -against-                        :          **MEMORANDUM AND ORDER**

D.S.A. LYNN LILLEY, D.S.P. L. MALIN,                    :          12-CV-971 (DAB) (KNF)
SUPERINTENDENT PATRICK GRIFFIN,
ACTING DIRECTOR OF S.H.U.                               :
D. VENNETTOZZI,[1] LT. T. LEVAC,
D.S.S. R. COVENY, DIRECTOR ALBERT                       :
PRACK,
                                                       :
                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

     Before the Court is the plaintiff's motion for leave to supplement the complaint and an

extension of time to complete service upon the remaining defendant of the supplemental

summons and complaint, pursuant to Rule 15 (d) of the Federal Rules of Civil Procedure.  The

defendants oppose the motion.

***Plaintiff's Contentions***

     The plaintiff seeks to add claims respecting due process rights violations by Cheryl

Morris ("Morris"), director, Ministerial, Family and Volunteer Services, New York State

Department of Corrections and Community Supervision, for denying his application to

participate in the family reunion program, between March 2015 and January 2016.  According to

the plaintiff, in June 2006, he was issued a misbehavior report "for having my kid's mother visit

---

[1] This defendant's name is spelled Venettozzi in his answer. (Docket Entry No. 38).

1

me on the family reunion as my wife when we was [sic] not married," and "given (90) days SHU time, and was suspended from participating in the program for (one year). After this suspension was over, I successfully re-apply [sic] and was approved to participate in the program once again." The plaintiff contends that he re-married in August 2014, and applied to participate in the family reunion program, but his application was denied based on the 2006 misbehavior report. The plaintiff's appeal was unsuccessful. In May 2015, the plaintiff re-applied to participate in the family reunion program, but his application was denied. On January 20, 2016, Morris, denied the plaintiff's appeal based on various factors. The plaintiff asserts that Morris's violations were "done out of retaliation and under the continuing violation doctrine."

**Defendants' Contentions**

The defendants contend that the proposed claims against Morris are not related or connected to the claims made in the instant action because Morris's denial of the plaintiff's application to participate in the family reunion program was based on "numerous cumulative reasons" that have no connection to the claims in this action. The defendants assert that the plaintiff's conclusory assertion of retaliation against Morris is not sufficient to make the necessary connection between his proposed claims and the claims in the instant action. The defendants maintain that granting the plaintiff's request would unnecessarily burden and prejudice them, confuse Morris's claims with those of the defendants, as well as increase their discovery obligations. Moreover, the plaintiff has no constitutional right to participate in the family reunion program.

***Plaintiff's Reply***

The plaintiff contends that his proposed claims against Morris are connected to the instant action because, underline(inter alia), Morris delayed her decision "acting in concert with other DOCCS employees, out of retaliation [and] intentionally" and she considered, improperly, his un-charged crimes, in making her decision.  The plaintiff asserts that Morris "knowingly used false information" to justify her decision, and false misbehavior reports are filed and used constantly against him so they can provide a valid reason for Morris to deny his application. Although the plaintiff concedes that he has no right to family reunion visits, he contends that his constitutional rights are implicated "when a person uses discrimination and retaliation [tactics] against another in rendering a decision, because of that prisoner exercising a protected rights of his (as in plaintiff's case at bar, filing grievances against Ms. Morris and other co-workers, filing law suits against Ms. Morris co-workers)."   Moreover, the plaintiff contends that he is being treated differently from inmates similarly situated to him, who have been approved for participation in the family reunion program by Morris.

***Legal Standard***

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading or futility, the motion [to supplement the pleading] should be freely granted."  Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (citing Foman, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts

connect it to the original pleading." Id. "An application for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989).

### *Application of Legal Standard*

The matters alleged in the supplemental pleading have no relation to the claims against the defendants in this action, which are based on alleged violations of the plaintiff's constitutional rights arising out of his fiancée's September 11, 2011 visit to him at New York's Sullivan Correctional Facility and the September 2011 related disciplinary hearing. The plaintiff's proposed claims against Morris, based on her denial of his application to participate in the family reunion program, are not connected to the claims in this action because they do not involve the same or similar issues or factual circumstances. Since the plaintiff concedes that he has no constitutional right to participate in the family reunion program, his conclusory allegations concerning Morris's retaliation and the continuing violation doctrine are not sufficient to show the interrelationship between the claims in this action and the proposed claims against Morris. Moreover, joining the proposed claims against Morris to those already asserted in this action will not promote judicial economy or the speedy disposition of the parties' dispute and will unduly delay the litigation. Thus, granting leave to supplement the complaint is not warranted.

*Conclusion*

For the foregoing reasons, the plaintiff's motion for leave to supplement the complaint, Docket Entry No. 151, is denied. The Clerk of Court is directed to close Docket Entry No. 155, as that document is the plaintiff's reply, labeled erroneously as a motion.

Dated: New York, New York
      March 28, 2016

Copy mailed to:

Eric Tolliver

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

5