UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
Eric Tolliver,

                  Plaintiff,           12 Civ. 971 (DAB)
                                              __MEMORANDUM & ORDER__

                  v.

Skinner et al.,

                  Defendants.
-------------------------------------------X
DEBORAH A. BATTS, United States District Judge.


      On September 19, 2016, United States Magistrate Judge Kevin

Nathaniel Fox filed a Report and Recommendation ("Report")

recommending that Eric Tolliver's ("Tolliver" or "Plaintiff")

Motion for Summary Judgment be granted in part and denied in

part, and Defendants' cross-Motion for Summary Judgment be

granted in part and denied in part. The Court assumes general

familiarity with the events that gave rise to this litigation.

The facts relevant to the present Motion, which are detailed

meticulously in Judge Fox's Report, will not be restated here.

For the reasons set forth below, the Court having conducted the

appropriate level of review, Judge Fox's Report is ADOPTED in

part, MODIFIED in part, and REJECTED in part, and the cross-

Motions for Summary Judgment are GRANTED in part and DENIED in

part.

I.    Objections to the Report

A. Standard of Review

When the magistrate judge makes a recommendation for a dispositive matter, a party may make timely objections by "serv[ing] and fil[ing] specific written objections to the proposed findings and recommendations" within "14 days after being served with a copy [of the Report]." Fed. R. Civ. P. 72(b)(2). After conducting the appropriate level of review, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c); see also Local Civil Rule 72.1.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review ... [such objections] would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Vega v. Artuz, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted); see also Kozlow v. Horn, No. 09 Civ. 6597(LTS)(RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) ("When a party .

2

. . simply reiterates his original arguments, the Court reviews the Report only for clear error."); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are . . . argued in an attempt to 'engage the district court in a rehashing of the same arguments.'"). Where no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

On a motion for summary judgment, "the district court should draw all factual inferences in favor of the non-moving party." Wright v. Coughlin, 132 F.3d 133, 138 (2d Cir. 1998). "A district court may grant summary judgment . . . only if, viewing the facts in the light most favorable to the non-movant, there exists no genuine issue of material fact for adjudication." Id. at 137.

Defendants and Plaintiff both filed timely Objections, and the Court has reviewed the Report and the submissions of the Parties. The Court addresses each Objection below.

### B. Defendants' Objections

#### i. Defendants' Due Process Objections

Defendants object to the Report's denial of summary judgment to Defendants with respect to: (1) Plaintiff's claims of bias based on Defendant Malin's and Defendant Levac's intentional tampering with the record or failure to fully record the 2011 and 2013 hearings; (2) Plaintiff's claims against Defendants Levac and Prack stemming from the 2013 rehearing; and (3) Plaintiff's claims against Defendants Venettozzi and Prack based on their roles in reviewing and affirming the 2011 and 2013 hearings.

#### (1) Bias Claims against Defendants Malin and Levac

Defendants object to the Report's denial of summary judgment to Defendants Levac and Malin with respect to Plaintiff's claim that these Defendants were biased in intentionally tampering with the hearing record. (See Defs.' Objections to the Report ("Obj.") at 20-21.) Defendants contend that the allegations of bias are purely conclusory and insufficient to create a disputed issue of material fact. (Id. at 21.) Defendants also argue that the claim fails because there is no due process requirement that a hearing be fully recorded. (Id. at 5-6.)

Defendants' arguments were already raised in their initial motion papers,[1] and so will not be reviewed by this Court de novo. See Ortiz, 558 F. Supp. 2d at 451. Nonetheless, Plaintiff's bias claims are neither conclusory nor unsupported by triable facts. Plaintiff swears, under penalty of perjury, that Defendant Malin made comments to him demonstrating prejudice at the 2011 hearing[2]; Plaintiff also swears that Defendant Levac threatened him at the 2013 hearing. And as the Report points out, even standing alone, Defendant Levac's Declaration contains internal inconsistencies. (See Report at 36-37.) Combined with the fact that portions of the hearing tapes were, in fact, inaudible or recorded over in both cases, the record contains sufficient facts from which a reasonable juror could infer bias. See Francis v. Coughlin, 891 F.2d 43, 47

---

[1] See Defs.' Mem. in Supp. of their Mot. for Summ. J. ("MSJ") at 10-11, 21-22; Defs.' Mem. in Opp'n to Pl.'s Mot. for Summ. J. ("Opp'n") at 10-11.

[2] Defendants claim that Plaintiff never raised Defendant Malin's bias in opposition to their Motion for Summary Judgment. However, Plaintiff, in his Response, attests to statements he claims that Defendant Malin made that would tend to demonstrate bias, and specifically asserts his claim of bias in his own Motion. Given that the Court must "read the pleadings and opposition papers submitted by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest," Blake v. Israel Sexton, Sergeant, N.Y.C. Police Dep't, 12 Civ. 7245(ER), 2016 WL 1241525, at *2 (S.D.N.Y. Mar. 24, 2016) (internal quotation marks omitted), the Court sees no clear error in Magistrate Judge Fox's conclusion that the submissions present a triable bias claim on this issue.

(2d Cir. 1989); <u>Palmer v. Goss</u>, No. 02 Civ. 5804(HB), 2003 WL
22327110, at *6 (S.D.N.Y. Oct. 10, 2003) ("Defendants also
contend that [Plaintiff] has no constitutional right to a tape
so 'the fact that it was apparently defective does not rise to
the level of constitutional deprivation.' Defendants' argument
here rests on an inappropriate supposition at this stage of the
litigation—namely that the tape was defective and not
intentionally erased by corrections department employee."),
<u>aff'd sub nom.</u> <u>Palmer v. Richards</u>, 364 F.3d 60 (2d Cir. 2004).

Although Defendants Malin and Levac deny making threatening
statements to Plaintiff, deny tampering with the tapes, and deny
any bias, this is precisely what makes the facts disputed and
precludes Defendants' motion for summary judgment on this claim.
<u>Cf.</u> <u>McCormack v. Cheers</u>, 818 F. Supp. 584, 598 (S.D.N.Y. 1993)
("Drawing all reasonable inferences in favor of the nonmoving
party and recognizing that defendants may have 'suppressed
evidence' . . . this Court finds a genuine issue of material
fact concerning whether Cheers was an unbiased and impartial
hearing officer.").

Thus, the Court ADOPTS the Report's conclusion with respect
to this claim.

(2) Claims against Defendants Levac and Prack

Defendants object to the Report's refusal to dismiss the due process claims against Defendants Levac and Prack. (Defs.' Obj. at 21-22.) Defendants contend that Plaintiff had no liberty interest implicated in the 2013 rehearing, and so had no due process rights with respect to that hearing. (Id.)

Defendants' argument on this issue was both addressed in the Court's September 25, 2015 Memorandum and Order and reiterated in Defendants' briefs on the current Motion; thus, this issue is not subject to de novo review and will not be addressed at length here.[3] However, the Court affirms its

---

[3] Defendants do not appear to be contesting that the initial hearing implicated a protected liberty interest. To the extent that they are, however, because this period of confinement in SHU is "relatively long," Palmer, 364 F.3d at 65 (quotation marks omitted), the Court would allow the Parties to develop the factual record regarding the conditions of Plaintiff's punishment more extensively. See Tellier v. Scott, 49 F. Supp. 2d 607, 612-13 (S.D.N.Y. 1998) (where material questions of fact exist regarding whether the deprivation was atypical and significant, summary judgment is precluded), aff'd sub nom. Tellier v. Fields, 280 F.3d 69 (2d Cir. 2000); Bishop v. Keane, 92 CIV. 6061 (JFK), 1995 WL 384443 (S.D.N.Y. June 28, 1995). Defendants do not set forth any argument that the conditions of Plaintiff's confinement were not atypical, choosing instead to contest the framework of Magistrate Judge Fox's due process analysis. Certainly, the long period of confinement combined with the loss of visitation privileges could constitute conditions atypical and significant enough to form a cognizable liberty interest.

7

unwillingness to adopt a rule that court-ordered rehearings[4] are somehow divorced from the liberty interests protected by the initial hearings. Defendants cite no binding precedent for this proposition, and such a rule would create obvious disincentives to follow the procedural requirements in both the initial and subsequent hearings. Although Plaintiff ultimately may be unable to prove injury arising from the 2013 hearing, "it is for the jury to decide what would have happened had different procedures been followed." Cruz v. Edwards, No. 81 Civ. 7930 (GLG), 1985 WL 467, at *5 (S.D.N.Y. Mar. 25, 1985).

Thus, the Court ADOPTS the Report's conclusion with respect to this issue.


(3) Claims against Defendants Venettozzi and Prack

Defendants object to the Report's finding that disputed issues of material fact regarding the personal involvement of Defendants Venettozzi and Prack preclude granting summary judgment to these Defendants. (Defs.' Obj. at 22-24.)

---

[4] The 2013 rehearing was held after the New York State Supreme Court, Appellate Division reversed the 2011 decision due to procedural deficiencies and ordered a new hearing. (See Pl.'s Aff. in Support of Mot. for Summ. J., ECF No. 160, ¶ 4-5.)

Here, too, the objections constitute a rehashing of the arguments set forth in Defendants' motion papers, see Defs.' MSJ at 17-18; Defs.' Opp'n at 22, and thus do not merit de novo review. See Vega, 2002 WL 31174466, at *1. Nevertheless, as the Report discusses, the Second Circuit recently reaffirmed that "[a] plaintiff may establish such personal involvement by making any one of five showings (the 'Colon factors')," including by showing that "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong." Warren v. Pataki, 823 F.3d 125, 136 (2d Cir. 2016). This remains the law in this Circuit, absent a Circuit decision otherwise. Therefore, when Plaintiff swore that Defendant Prack was informed of the constitutional deficiency but failed to correct it,[5] this was sufficient to create a triable issue as to Prack's personal involvement. See Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986) (Plaintiff "expressly claim[ing] that [Defendant] affirmed his conviction on administrative appeal" sufficient to allege personal involvement); Johnson v. Coombe,

---

[5] As discussed in the Court's 2015 Order, Defendant Prack was "on notice that the tape had been altered and ignored it." Tolliver v. Skinner, No. 12 Civ. 971(DAB), 2015 WL 5660440, at *4 (S.D.N.Y. Sept. 25, 2015). Especially in light of the fact that this claim had been raised already with respect to the 2011 hearing—resulting in a reversal of the hearing by the state court—the Court finds no clear error in Magistrate Judge Fox's finding that issues of fact as to Defendant Prack's personal involvement preclude summary judgment.

156 F. Supp. 2d 273, 278 (S.D.N.Y. 2001) (sufficient personal involvement alleged where Defendant "presided over an appeal that confirmed th[e] deprivation . . . [and] allege[d] a formal appeals process through which both defendants were on notice."); Gilbert v. Selsky, 867 F. Supp. 159, 166 (S.D.N.Y. 1994) ("If a supervisory official learns of a violation through a report or an appeal, but fails to remedy the wrong, that may constitute a sufficient basis for liability."); McCormack, 818 F. Supp. at 598 ("The circuit has determined that a supervisory official, such as Selsky, may be held to have been personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 when after learning of the violation through a report or appeal, [he] may have failed to remedy the wrong." (internal quotation marks omitted)).

The Court agrees with the Report with respect to Defendant Venettozzi's involvement, as well: unlike Defendant Prack, Venettozzi fails to state affirmatively that he did not personally review any part of the record. See Wright v. Miller, 973 F. Supp. 390, 396 (S.D.N.Y. 1997) ("[W]ith respect to defendant Miller, there is an issue of fact as to his personal involvement, as he has admitted that in his capacity as Acting Superintendent he likely reviewed the first hearing determination and had the power to correct any problems." (emphasis added)).

Thus, the Court ADOPTS the Report's conclusion with respect to this issue.


### ii. Defendants' Qualified Immunity Objections

Defendants object to the Report's denial of qualified immunity to Defendants with respect to: (1) Plaintiff's bias claims against Defendants Malin and Levac based on their intentional tampering with or failure to fully record the disciplinary hearing; (2) Plaintiff's claims against Defendants Venettozzi and Prack for supervisory liability; (3) Plaintiff's bias claim against Defendant Malin based on her failure to admit certain evidence at the 2011 hearing; (4) Plaintiff's claim against Defendant Levac for holding the 2013 re-hearing in his absence; and (5) Plaintiff's claims against Defendants Levac and Prack for failing to give him the written disposition after the hearing.


### (1) Bias Claims Against Defendants Malin and Levac for Interference with the Record

Defendants claim that there is no clearly established right for an inmate to have his disciplinary hearing recorded, and

that the Magistrate Judge's reliance on state regulations to
create such a right was in error. (Defs.' Obj. at 3-8.)

Defendants are correct that a state procedural regulation,
standing alone, does not create a constitutionally protected
liberty interest. See Blouin ex rel. Estate of Pouliot v.
Spitzer, 356 F.3d 348, 363 (2d Cir. 2004). However, courts "may
examine statutory or administrative provisions in conjunction
with prevailing circuit or Supreme Court law to determine
whether an individual had fair warning that his or her behavior
would violate the victim's constitutional rights." Okin v. Vill.
of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 433-34 (2d
Cir. 2009); see also Wright v. Smith, 21 F.3d 496, 500 (2d Cir.
1994) ("With regard to the officials' claim to qualified
immunity . . . we note that the New York regulation itself gave
the officials clear notice that confinement could not be
continued beyond 14 days without a hearing."); Russell v.
Coughlin, 910 F.2d 75, 79 (2d Cir. 1990) ("Given the unequivocal
directives of the[] regulations, it would have been unreasonable
for defendants to believe that the state's keeplock regulations
were not sufficiently mandatory to create a protected liberty
interest."). Indeed, in the context of a qualified immunity
analysis, this Circuit has found that it is clearly
"establish[ed] that the use of terms such as 'must' and 'shall'
in prison regulations give rise to a federally protected liberty

interest," and as such, has denied claims for immunity even where factual issues remained about whether the plaintiff had suffered an "atypical and significant" confinement as a result of the regulatory violation. Tellier v. Fields, 280 F.3d 69, 84 (2d Cir. 2000). This "general constitutional rule" may "apply with obvious clarity to the specific conduct" challenged in a case, even though "the very action in question has not previously been held unlawful." Id. at 85 (internal brackets and quotation marks omitted) (quoting United States v. Lanier, 520 U.S. 259, 271 (1997)).

More significantly, Defendants misconstrue the nature of Plaintiff's claims: the claims asserted against Malin and Levac are claims of bias, demonstrated by the Defendants' alleged tampering with the records of the hearings. (See Report at 44.) Whether the destruction of the hearing tapes was in fact intentional is, as described above, a triable issue of fact. See Palmer, 364 F.3d at 64 n.1 ("[T]he intentional destruction of evidence does not comport with clearly established standards of procedural due process."). Because a disputed factual issue remains regarding whether Defendants in fact acted with bias, Defendants are not entitled to qualified immunity. See Poventud v. City of New York, No. 07 Civ. 3998(DAB), 2015 WL 1062186, at * (S.D.N.Y. Mar. 9, 2015) ("[C]ourts . . . must take care not to define a case's 'context'" for qualified immunity purposes "in a

manner that imports genuinely disputed factual propositions."
(quoting <u>Tolan v. Cotton</u>, 134 S.Ct. 1861, 1866 (2014))).

Thus, the Court MODIFIES the Report's reasoning with
respect to this issue, but ADOPTS its conclusion.


(2) Defendant Venettozzi's and Prack's Supervisory Liability

Defendants object to the Report's denial of qualified
immunity to Defendants Venettozzi and Prack for their role in
reviewing and affirming the allegedly deficient hearings.
(Defs.' Obj. at 8.)

As stated above, the Court agrees with Defendants that the
New York state regulation alone creates no constitutional
liberty interest in its procedural requisites. The Court also
agrees that the right to an administrative review of a
disciplinary hearing has, at the very least, not been clearly
established in the Circuit. <u>See</u>, <u>e.g.</u>, <u>Austin v. Fischer</u>, No. 09
Civ. 4812, 2010 WL 3187642, at *2 (S.D.N.Y. Aug. 11, 2010).

However, Plaintiff's claim, construed liberally, is based
on Defendants' supervisory liability, not liability for failure
to review. Defendants Venettozzi and Prack will not be shielded
by qualified immunity on this claim if the rights violated in
the underlying hearing were clearly established and if

**14**

Defendants were sufficiently personally involved in the violations.[6] As described above, there are triable issues regarding both the first and second inquiry. Therefore, Defendants Venettozzi and Prack are not entitled to qualified immunity with respect to these claims. See McCormack, 818 F. Supp. at 599 (Defendant "cannot be shielded from liability [based on qualified immunity] as his 'actual or constructive notice of [the] unconstitutional practices' imposes supervisory liability upon him for failing to remedy the violations on appeal.").

Thus, the Court MODIFIES the Report's reasoning with respect to this issue, but ADOPTS its conclusion.

---

[6] Defendants argue that there is a "split" among district courts about whether the second Colon factor remains a viable method for alleging personal involvement. However, "we do not agree that this split . . . suggests that defendants are entitled to qualified immunity." Anderson v. Recore, 317 F.3d 194, 200 (2d Cir. 2003) (defendants not entitled to qualified immunity where the right has been clearly established by the Second Circuit or Supreme Court and there is no binding precedent overturning these decisions); cf. Tellier, 280 F.3d at 87 ("[D]efendants have failed to point to either a decision of this Court or the Supreme Court, or even another circuit court, that would support a reasonable conclusion that their actions were not in contravention of Tellier's constitutional rights."). The Court also notes that the majority of the cases cited by Defendants in support of this argument arose after the conduct in question, making them irrelevant to the qualified immunity analysis. See Anderson, 317 F.3d at 201; Tellier, 280 F.3d at 85.

### (3) Bias Claim Against Defendant Malin for Failure to Admit Evidence

Defendants contend that the Report erred in refusing to grant Defendant Malin qualified immunity with respect to Plaintiff's claim that she acted with bias in refusing to admit certain evidence at the 2011 hearing. Defendants argue that Plaintiff had no clearly established right to submit redundant evidence. (Defs.' Obj. at 11.)

The right at issue here was not Plaintiff's right to submit redundant evidence, but Plaintiff's right to a hearing officer that will apply the standards of evidence impartially. See Black v. Coughlin, 76 F.3d 72, 76 (2d Cir. 1996) ("[I]t has long been clearly established that an inmate subject to a disciplinary proceeding is entitled to an impartial hearing officer."). Plaintiff claims that Defendant Malin told him that she would disregard any testimony from an inmate[7]; although this claim is disputed, if credited by a jury, it could certainly raise an inference that Defendant Malin acted with bias—particularly considering Defendant Malin's undisputed refusal to admit

---

[7] Defendants claim that Plaintiff cannot rely on his pleadings to provide the facts in support of this motion. (See Defs.' Obj. at 13 n.5.) However, the Plaintiff verified his complaint "by attesting under penalty of perjury that the statements in the complaint were true to the best of his knowledge. A verified complaint is to be treated as an affidavit for summary judgment purposes." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

16

certain testimony and documentary evidence at the hearing.
Moreover, as the Report points out, if Defendant Malin indeed
intended to disregard inmates' testimony, much of the evidence
she chose to exclude would not have been truly redundant.
Compare Holland v. Goord, 758 F.3d 215, 225 (2d Cir. 2014)
(hearing officer's exclusion of witness not unconstitutional
where inmate had already testified to the same facts and hearing
officer "did not discredit his statement.").

Plaintiff's right to an impartial hearing officer and to
submit evidence—subject to limited exceptions, such as where the
evidence is irrelevant, unnecessary, or presents a hazard to
safety[8]—was clearly established at the time of the hearing. See
Francis, 891 F.2d at 46 (prisoner's allegations of bias based
on, inter alia, hearing officer's alleged suppression of
evidence and distortion of testimony defeated officer's motion
for summary judgment based on qualified immunity). Whether the
evidence Defendant Malin refused to admit fell into one of these
exceptions is disputed, and thus, summary judgment on qualified
immunity grounds is inappropriate. See Hemphill v. Schott, 141
F.3d 412, 418 (2d Cir. 1998) ("[S]ummary judgment based either

---

[8] It is Defendant Malin "who has the burden of proving that h[er]
refusal to call requested witnesses was for irrelevance,
redundancy, or special hazards present in this case." McCormack,
818 F. Supp. at 594 (S.D.N.Y. 1993) (citing Ponte v. Real, 471
U.S. 491, 497 (1985)); see also Kingsley v. Bureau of Prisons,
937 F.2d 26, 30–31 (2d Cir. 1991).

on the merits or on qualified immunity requires that no dispute about material factual issues remain.").

Thus, the Court ADOPTS the Report's conclusion with respect to this claim.


### (4) Defendant Levac's Holding of the Hearing in Plaintiff's Absence

Defendants object to the Report's denial of qualified immunity to Defendant Levac with respect to Plaintiff's claim that he conducted the 2013 hearing in Plaintiff's absence, even though the Report granted Defendant Levac summary judgment on the merits of this claim. (Defs.' Obj. at 15.)

It is undisputed that the hearing was conducted in Plaintiff's absence only after Plaintiff signed a Refusal to Attend form. Thus, the question is not whether Plaintiff had a clearly established right to *choose* to attend the hearing—he of course did—but whether Defendant Levac could have, in this instance, reasonably and in good faith believed that he was acting lawfully in excluding Plaintiff from the hearing. The Court agrees that because the facts do not establish a constitutional violation, Defendant Levac is entitled to qualified immunity. Sira v. Morton, 380 F.3d 57, 68-69 (2d Cir. 2004).

Thus, the Court REJECTS the Report's conclusion with respect to this issue, and finds that Defendant Levac is entitled to qualified immunity on this claim.


### (5) Defendant Levac's and Defendant Prack's Failure to Deliver the Disposition

Defendants object to the Report's denial of qualified immunity to Defendants Levac and Prack with respect to Plaintiff's claim that they failed to deliver the written disposition to Plaintiff after the 2013 hearing. (Defs.' Obj. at 16.)

A prisoner's right to receive a written statement of the hearing disposition has been clearly established by both Supreme Court and Second Circuit precedent. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974); Sira, 380 F.3d at 69. This right is also codified in the state regulations, see 7 NYCRR § 254.7, and Defendants cannot dispose of the issue by claiming that, in failing to follow the regulations, it was objectively reasonable for Defendant Levac to believe that he was acting lawfully. (See Defs.' Obj. at 17.)

The Court additionally agrees with Magistrate Judge Fox's conclusion that Defendant Levac cannot shift responsibility for this violation to DOCCS, where the regulation clearly sets forth

a *hearing officer's* duties, and where DOCCS is not a person who can be sued under § 1983. Cf. Walker v. Bates, 23 F.3d 652, 655 (2d Cir. 1994) ("Section 254.7 provides a range of penalties that may be imposed by a hearing officer." (emphasis added)); Thompson v. Keane, No. 92 CIV. 7722 (JFK), 1994 WL 144390, at *3 (S.D.N.Y. Apr. 18, 1994) ("Section 254.7(a)(4) of Title 7 of the New York Compilation of Codes, Rules and Regulations . . . requires a hearing officer to give an inmate a written decision on the charges setting forth the evidence that he relied upon in making his determination." (emphasis added)). An official charged with conducting a hearing can assume that he is also charged with doing so in a way that comports with constitutional due process.

Further, qualified immunity does not examine what a defendant "could have" believed, see Defs.' Obj. at 17, but whether any such belief was objectively reasonable. See Anderson v. Creighton, 483 U.S. 635, 639 (1987). Defendants "are entitled to summary judgment on qualified immunity grounds only if, viewing the evidence in the light most favorable to and drawing all reasonable inferences in favor of the plaintiff, no rational jury could conclude that it was objectively unreasonable for defendants to believe that their actions did not violate a clearly established right." Espinal v. Goord, No. 00 Civ. 2242(AJP), 2001 WL 476070, at *11 (S.D.N.Y. May 7, 2001) (citing

Williams v. Greifinger, 97 F.3d 699, 706 (2d Cir. 1996)); see
also Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) ("[I]f
any reasonable trier of fact could find that the defendants'
actions were objectively unreasonable, then the defendants are
not entitled to summary judgment."). Because the law was
particularly clear with respect to this issue,[9] a reasonable jury
certainly could find that it was objectively unreasonable for
Defendant Levac to believe that, in failing to deliver the
written statement as required by the regulations, he was not
violating Plaintiff's rights. See Tellier, 280 F.3d at 86 ("This
Court will not confer immunity on any official who glaringly
disregards the very regulations that he or she is entrusted to
discharge dutifully and in good faith.").

        Thus, the Court ADOPTS the Report's conclusion with respect
to this issue.

---

[9] "The ultimate question of whether it was objectively reasonable
for the officer to believe that his conduct did not violate a
clearly established right, i.e., whether officers of reasonable
competence could disagree as to the lawfulness of such conduct,
is to be decided by the court." Zellner v. Summerlin, 494 F.3d
344, 367 (2d Cir. 2007).

### iii. Defendants' Remaining Contentions

Defendants finally contend that because "some evidence" supported the disciplinary determinations, due process was satisfied. (See Defs.' Obj. at 24-25.)

Defendants' claim that there can be no due process violation because the dispositions were based on "some evidence" is meritless. Failure to base a decision on sufficient evidence is an independent due process violation, see Sira, 380 F.3d at 76, but adherence to this standard does not cure other, separate due process violations.

Thus, the Court ADOPTS the Report's conclusion with respect to this issue.

### C. Plaintiff's Objections

Plaintiff objects to the Report's failure to grant summary judgment to him with respect to his claims against Defendants Malin and Venettozzi for bias.[10] (Pl.'s Obj. ¶ 3.)

Plaintiff's Objection is based on new allegations not raised in his earlier papers—specifically, that Defendant Malin

---

[10] Although Plaintiff mentions the Report's dismissal of his retaliation claim against Malin, he does not appear to object to it. (See Pl.'s Obj. ¶ 3.)

failed to call a witness, Sergeant Maliga, at the hearing and then lied to Plaintiff about the availability of a certain memorandum, and that Defendant Venettozzi rubber-stamped these decisions. (See id.) These allegations are belated and cannot be considered. See Rivera v. Federlin, No. 08-cv-7293 (PAC), 2011 WL 6014012, at *3 (S.D.N.Y. Dec. 2, 2011) ("This is not an objection but a new factual allegation that was not raised before Magistrate Judge Fox, and will not be considered by the Court now."). Nonetheless, the Court notes that none of these allegations cure the disputed issues of fact regarding Defendant Malin's alleged partiality.

Thus, the Court ADOPTS the Report's conclusion with respect to this issue.


D. The Remaining Portions of the Report

The Court may apply a clear error standard of review to those portions of each Report to which neither Party has timely objected. DiPilato v. 7-Eleven Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). Having found no clear error, the Court adopts those parts of the Report to which no timely Objections have been made.

23

## II. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Fox dated September 19, 2016, this Court REJECTS the Report's conclusion that Defendant Levac is not entitled to qualified immunity on the claim that he conducted the hearing outside of Plaintiff's presence. The Court APPROVES, ADOPTS, and RATIFIES the Report's remaining recommendations and conclusions, but MODIFIES the Report's legal reasoning with respect to the qualified immunity claims raised by Defendants Malin, Levac, Venettozzi, and Prack in their Objections. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED in part and GRANTED in part, and Defendants' Motion for Summary Judgment is DENIED in part and GRANTED in part.

The Court will notify the Parties of the next step in this action shortly.

SO ORDERED.

Dated:    New York, New York
          March 13, 2017

_Deborah A. Batts_
          Deborah A. Batts
     United States District Judge

24